Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletreedeakins.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
4370 La Jolla Village Drive, Suite 990
San Diego, CA  92122
Telephone:   858.652.3100
Facsimile:    858.652.3101

Attorneys for Defendant
CENTRAL FREIGHT LINES, INC.

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY HENRY, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>  vs.<br><br>CENTRAL FREIGHT LINES, INC., a Corporation, and DOES 1 through 50, Inclusive,<br><br>        Defendants. | Case No.<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT; DEMAND FOR JURY TRIAL**<br><br>[28 U.S.C. § 1332(d) (Class Action Fairness Act)]<br><br>[Filed concurrently with Civil Cover Sheet; Notice of Related Cases; Certificate of Interested Parties; Declarations of Tim L. Johnson and Vicky L. O'Brien] |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Central Freight Lines, Inc. ("CFL") removes this action from the Superior Court of the State of California for the County of Sacramento to the United States District Court for the Eastern District of California pursuant 28 U.S.C. sections 1332(d) (the Class Action Fairness Act ("CAFA")) and 1446 on the grounds that: (1) Plaintiff Ricky Henry ("Plaintiff") is "a citizen of a State different from any defendant," (2) "the number of members of all proposed plaintiff classes in the aggregate is" more than 100, and (3) "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."[1] All CAFA requirements are satisfied in this case.

The foregoing facts were true at the time Plaintiff filed his First Amended Class Action Complaint in this matter and remain true as of the date of the filing of this Notice of Removal. Removal jurisdiction is therefore appropriate as detailed more fully below:

## I.   THE STATE COURT ACTION

1.   On or about October 20, 2015, Plaintiff filed a Class Action Complaint in the Superior Court of the State of California for the County of Sacramento ("Action"). The Action was assigned Case Number 34-2015-00185756. Plaintiff never served the Class Action Complaint on CFL. (*See* Declaration of Tim L. Johnson ("Johnson Decl."), ¶ 2, Exhibit 1.)

2.   On or about December 19, 2015, Plaintiff filed a First Amended Class Action Complaint ("FAC") in the Action. (*See* Johnson Decl., ¶ 3, Exhibit 2.)

---

[1] In alleging the amount in controversy for purposes of CAFA removal, CFL does not concede in any way that the allegations in the FAC are accurate or that Plaintiff is entitled to any of the monetary relief requested in the FAC. Nor does CFL concede that any or all of the putative class members are entitled to any recovery in this case or are appropriately included in the putative class.

1   Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

3.     On or about January 12, 2016, CFL accepted service of the FAC. (*See* Johnson Decl., ¶ 4.)

4.     On or about February 10, 2016, CFL filed an Answer to the FAC. (*See* Johnson Decl., ¶ 5, Exhibit 3.)

## II.   REMOVAL IS TIMELY

5.     CFL is filing this Notice of Removal within 30 days of accepting service of the FAC. As a result, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); *see also Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344, 354 (1999) (a defendant's deadline to file a notice of removal is 30 days after it has been validly served with the complaint).

## III.   REMOVAL IS PROPER UNDER CAFA

6.     The Action is removable under CAFA given the claims in the FAC. The FAC asserts claims for: (1) Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, *et seq*.; (2) Failure to Pay Minimum Wages in Violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1, *et seq*.; (3) Failure to Provide Accurate Itemized Statements in Violation of Cal. Lab. Code § 226; (4) Failure to Provide Wages When Due in Violation of Cal. Lab. Code §§ 201, 202, and 203; (5) Failure to Reimburse Employees for Required Expenses in Violation of Cal. Lab. Code § 2802; (6) Illegal Deductions from Wages in Violation of Cal. Lab. Code § 221; and (7) Violation of the Private Attorneys General Act (Lab. Code §§ 2698, *et seq*.).

7.     In relevant part, CAFA grants district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which (1) any member of a class of plaintiffs is a citizen of a state different from any defendant; (2) the number of members of all proposed plaintiff classes in the aggregate is more than 100; and (3) where the matter in controversy exceeds the sum or value of $5 million, exclusive of interests and costs. 28 U.S.C. § 1332(d). CAFA authorizes removal of such actions in accordance with 28 U.S.C. § 1446.

8. The Court has original jurisdiction over the Action under CAFA, in that it is a civil case filed as a class action wherein at least one member (if not all) of the putative class of plaintiffs is a citizen of a state different from CFL, the number of members in Plaintiff's proposed classes in the aggregate is more than 100, and the matter in controversy exceeds the sum of $5 million, exclusive of interest and costs.

### A. CAFA's Diversity of Citizenship Requirement Is Satisfied

9. CAFA's diversity requirement is satisfied when at least one plaintiff is a citizen of a state in which none of the defendants are citizens. 28 U.S.C. § 1332(d)(2); *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1090-1091 (9th Cir. 2010).

10. According to CFL's corporate records, Plaintiff is a resident of the State of California. (*See* Declaration of Vicky L. O'Brien ("O'Brien Decl."), ¶¶ 7-8, Exhibit 1.)

11. CFL is a citizen of the State of Texas. Pursuant to 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business." The Supreme Court has established the proper test for determining a corporation's principal place of business for purposes of diversity jurisdiction. *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010). The Court held that the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id*. at p. 1184. The Court further clarified that the principal place of business was the place where the corporation "maintains its headquarters – provided that the headquarters is the actual center of direction, control and coordination." *Id.*

12. At all relevant times, CFL has been a corporation incorporated under the laws of the State of Texas, with its principal place of business in the State of Texas. CFL's principal place of business is located in the State of Texas because its

headquarters is located there, and that is where CFL's executive management directs, controls, and coordinates its activities. CFL has never been incorporated in the State of California and has not had its headquarters, executive offices, or principal place of business in the State of California. (O'Brien Decl., ¶¶ 3-6.) Accordingly, CFL is not a citizen of the State of California.

13.  Based upon the foregoing, minimal diversity is established because Plaintiff is a citizen of the State of California and CFL is not. Removal is therefore proper under 28 U.S.C. § 1332(d). *See Serrano v. 180 Connect Inc.*, 478 F.3d 1018, 1019 (9th Cir. 2007).

### B. CAFA's Class Size Requirement Is Satisfied

14.  Plaintiff brings the Action pursuant to California Code of Civil Procedure section 382 on behalf of all individuals who worked for CFL in California as truck drivers and who were classified by CFL as independent contractors (i.e., independent owner-operator truck drivers) after October 20, 2011. (*See* FAC, ¶¶ 23, 33.)

15.  In 2015 alone, 120 independent owner-operator truck drivers performed services in California for CFL.[2] (O'Brien Decl., ¶ 9.) Thus, CAFA's size requirement is satisfied.

### C. CAFA's Requisite $5 Million Amount In Controversy Is Satisfied

16.  CAFA authorizes the removal of class action cases in which the amount in controversy for all class members exceeds $5 million. 28 U.S.C. § 1332(d).

17.  Under CAFA, the "District Court [must] determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum

---

[2] In alleging the class size for purposes of CAFA removal, CFL does not concede in any way that Plaintiff was employed by CFL at any time. To the contrary, CFL contends Plaintiff was an independent contractor at all relevant times.

4                                        Case No.
NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

exceeds $5 million." *Standard Fire Insurance Co. v. Knowles*, 133 S.Ct. 1345, 1348 (2013).

18.    Here, Plaintiff seeks to recovery unpaid wages, business expenses, deductions, and penalties under the California Labor Code during the applicable statutory periods on behalf of himself and the putative subclasses. (*See* FAC, *generally*.) As set forth below, the FAC satisfies the $5 million threshold for CAFA removal. *See* 28 U.S.C. § 1332(d).

### 1.    Relevant Data

19.    From January 1, 2015 to October 20, 2015, 120 independent owner-operator truck drivers performed services in California pursuant to independent contractor agreements with CFL. During this period, these truck drivers assumed costs of operation, including costs related to lease payments, fuel and maintenance, and insurance. (O'Brien Decl., ¶¶ 9-10.)

20.    From January 1, 2015 to October 20, 2015, the independent owner-operator truck drivers identified above paid more than $5,000,000 in fuel costs while performing services in California pursuant to their independent contractor agreements with CFL. (O'Brien Decl., ¶ 11.)

### 2.    Expense Reimbursement

21.    Plaintiff seeks reimbursement for all fuel costs paid by putative class members (i.e., all individuals who worked for CFL in California as independent owner-operator truck drivers) after October 20, 2012.  (*See* FAC, ¶¶ 33, 80-84.)

22.    In 2015 alone, the putative class members paid more than $5,000,000 in fuel costs while performing services in California pursuant to their independent contractor agreements with CFL. (O'Brien Decl., ¶ 11.)

### 3.    Summary

23.    The FAC easily satisfies the requisite $5 million threshold for purposes of removal under CAFA even *without* including Plaintiff's claims for unpaid wages, penalties, or attorney fees.

## IV. VENUE IS PROPER

24. In accordance with 28 U.S.C. § 1441(a), this Notice of Removal is filed in the district court of the United States in which the Action is pending. The Superior Court for the County of Sacramento is located within the Eastern District of California. 28 U.S.C. § 84(c)(3). Therefore, venue is proper in this Court because it is the district and division embracing the place where the Action is pending. 28 U.S.C. § 1441(a).

## V. SATISFACTION OF REQUIREMENTS OF 28 U.S.C. § 1446

25. In accordance with 28 U.S.C. §1446(a), this Notice of Removal is accompanied by the Declarations of Vicky L. O'Brien and Tim L. Johnson, which include a copy of all processes, pleadings, and orders provided to CFL.

26. As required by 28 U.S.C. §1446(b), this Notice of Removal was filed less than 30 days after CFL accepted service of the FAC. (*See* Johnson Dec. ¶¶ 4-5.)

27. As required by 28 U.S.C. §1446(d), CFL provided Notice of Removal to Plaintiff through his attorneys of record.

28. As required by 28 U.S.C. §1446(d), a copy of the original Notice of Removal will be filed with the Superior Court of the State of California, for the County of Sacramento.

29. In the event this Court has a question regarding the propriety of this Notice of Removal, CFL requests that it issue an Order to Show Cause so that it may have an opportunity to more fully brief the grounds for this removal.

/ / /

## VI. CONCLUSION

30. For the foregoing reasons, CFL hereby removes the above-entitled action to United States District Court for the Eastern District of California.

DATED: February 11, 2016

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: /s/ *Spencer C. Skeen*
Spencer C. Skeen
Tim L. Johnson
Attorneys for Defendant
Central Freight Lines, Inc.

23806753.1