UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY HENRY, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>        Plaintiff,<br><br>    v.<br><br>CENTRAL FREIGHT LINES, INC., a Corporation, and DOES 1 through 50, inclusive,<br><br>        Defendants. | No.  2:16-cv-0280-JAM-EFB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

   Defendant Central Freight Lines ("CFL") removed this case from Sacramento County Superior Court in February 2016 pursuant to the Class Action Fairness Act ("CAFA").  ECF No. 1.  "CAFA gives federal courts jurisdiction over certain class actions if: (1) the class has more than 100 members; (2) the parties are minimally diverse; and (3) the amount in controversy exceeds $5 million."  Cisneros v. Lerner New York, Inc., 2016 WL 4059612, at *2 (C.D. Cal. Jul. 25, 2016).

   Plaintiff Rickey Henry ("Mr. Henry") moved to remand the case.  ECF No. 25.  The Court held a hearing on Mr. Henry's

1

motion to remand on September 20, 2016.  During that hearing, the Court instructed CFL to file a supplemental declaration indicating how many of CFL's drivers resided in California and drove for defendant in California for the four years preceding the filing of this action.

On September 27, 2016, CFL filed its supplemental declaration.  ECF No. 33.  In the declaration, Vice President and Chief Financial Officer of CFL, Todd Militzer, stated that "[d]uring the four years preceding the filing of this action, at least 159 truck drivers resided and drove in California under independent contractor agreements with CFL."  Militzer Suppl. Decl. ¶ 3, ECF No. 33.

Mr. Militzer's declaration establishes that the putative class exceeds 100 members.  But, despite this declaration, CFL has failed to show that the amount in controversy exceeds the $5 million jurisdictional threshold required by CAFA.  While there is no presumption against removal when a case is removed pursuant to CAFA, "the defendant still bears the burden of establishing removal jurisdiction."  Cisneros, 2016 WL 4059612, at *2.  CFL has failed to meet its burden

CFL supported its notice of removal with a declaration from Vicky O'Brien that stated that independent owner-operator truck drivers "paid more than $5,000,000 in fuel costs" from January to October 2015.  O'Brien Decl. ¶ 11, ECF No. 1-8.  CFL did not provide any data or explanation of how Ms. O'Brien reached this conclusion.

In support of his motion to remand, Mr. Henry supplied the Court with a data summary sheet that was sent from CFL to Mr.

Henry's counsel to show the data upon which Ms. O'Brien relied in writing her declaration. Ex. 1 to Bhowmik Decl., ECF No. 25-2. This. The data summary sheet indicates that "the fuel deductions are for all miles, and not just for California miles." Ex. 1 to Bhowmik Decl.

In opposition to Mr. Henry's motion to remand, CFL submitted a declaration from Mr. Militzer stating that the putative class "paid more than $7,450,000.00 in deductions for fuel purchased while performing services" for CFL in the four years preceding the filing on the complaint in this action. Militzer Decl. ¶ 8, ECF No. 28-1. Mr. Militzer further indicated that "[i]n 2015, the independent owner-operator truck drivers [in the putative class] drove a total of 5,652,394 miles . . . 3,168,524 [of those miles] were driven in California." Id. ¶ 11. Additionally, "the proportion of California miles driven in relation to the total miles driven . . . should have been approximately the same since 2011." Id. ¶ 12. As noted by Plaintiff's counsel at oral argument, Mr. Militzer's declaration indicates that only 56% of the miles driven in 2015 were driven in California. Because the proportion of California mileage versus non-California "should have been approximately the same" in the four years prior to 2015, this means that only about 56% of the $7,450,000 in fuel deductions were for California miles. Thus, Defendants have shown by Mr. Militzer's declaration that about $4,172,000 is in controversy in this case. Mr. Militzer's declaration also indicates that putative class members paid more than $2,250,000 in lease payments. But, Mr. Militzer does not indicate if these lease payments include the costs expended for purchasing or

3

leasing the vehicle.  As indicated by Villalpando v. Exel Direct Inc., 2015 WL 5179486, *4 (N.D. Cal. Sept. 3, 2015), while "the costs of operating a motor vehicle in the course of employment may be [reimbursed], the costs of furnishing the vehicle *itself* are not."  Villalpando, 2015 WL 5179486, *4 (emphasis in original) (internal citations omitted).  Thus, the Court cannot include the $2,250,000 in alleged lease payments in calculating the amount in controversy.

CFL has only definitively shown that about $4.1 million is in controversy in this case which is well below the $5 million jurisdictional threshold.  Therefore, Plaintiff's motion to remand is GRANTED, and the Court hereby remands this case to the Superior Court for the County of Sacramento.  Because the Court no longer has jurisdiction over this case, it cannot decide Defendant's motion to change venue.

IT IS SO ORDERED.

Dated: October 5, 2016

/s/ John A. Mendez
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE