UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY HENRY,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTRAL FREIGHT LINES, INC.,<br><br>    Defendant. | No. 2:16-cv-00280-JAM-EFB<br><br>**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE** |

The Ninth Circuit recently forewarned district courts of contractual schemes to circumvent statutes conferring special benefits on workers, statutes such as the California Labor Code. Narayan v. EGL, Inc., 616 F.3d 895 (9th Cir. 2010). The contested forum-selection clause here raises this very concern. Plaintiff and Defendant entered into a contract whereby Plaintiff agreed to work for defendant as a truck driver. Their relationship soured, however, resulting in this litigation. Citing the forum-selection clause, Defendant moves to transfer this case to the United States District Court for the Western District of Texas. ECF No. 22. Plaintiff opposes. ECF No. 27. For reasons explained below, the Court DENIES Defendant's motion.

I.  BACKGROUND

Plaintiff Rickey Henry signed an Independent Contractor

Agreement ("Agreement") with Defendant Central Freight Lines, Inc. to work for Defendant as a truck driver. See generally Agreement, ECF No. 12. The Agreement contains a forum-selection clause, which provides:

> GOVERNING LAW AND CHOICE OF FORUM. This Agreement is to be governed by the laws of the United States and of the State of Texas, including the choice-of-law rules of Texas, and [Defendant] and [Plaintiff] hereby consent to the jurisdiction of the state and federal courts nearest to Waco, Texas.

Id. ¶ 25. The Agreement also classifies Plaintiff as an independent contractor, not an employee. Id. ¶ 14 ("It is expressly understood and agreed that [Plaintiff] is an independent contractor for the Equipment and driver services provided pursuant to this Agreement.").

In this putative class action, Plaintiff sues Defendant for violating several California statutes, alleging Defendant illegally misclassified him, and other truck drivers like him, as independent contractors. See generally First Am. Compl. ("FAC"), ECF No. 1-6, attached to Def.'s Notice of Removal as Ex. 2. Plaintiff brings different claims on behalf of himself, a California Class,[1] and a California Labor Sub-Class.[2] On behalf

---

[1] "[D]efined as all individuals who worked for Defendant in California as Truck Drivers and who were classified by Defendant as independent contractors . . . at any time during the period beginning four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court . . . ." FAC ¶ 23.

[2] "[D]efined as all members of the California Class who are or previously were employed by Defendant in California as Truck Drivers and who were classified by Defendant as Independent Contractors . . . at any time during the period three (3) years prior to the filing of this Complaint and ending on the date as determined by the Court . . . ." FAC ¶ 33.

of himself and the California Class, Plaintiff sues Defendant for unlawful, unfair, and deceptive business practices. See FAC ¶¶ 44-61 (citing Cal. Bus. & Prof. Code §§ 17200 et seq.). On behalf of himself and the California Labor Sub-Class, Plaintiff brings five California wage-and-hour claims against Defendant. See id. ¶¶ 62-67 (failure to pay minimum wages under Cal. Lab. Code §§ 1194, 1197, 1197.1); ¶¶ 68-71 (failure to provide accurate itemized wage statements under Cal. Lab. Code § 226); ¶¶ 72-79 (failure to pay wages when due under Cal. Lab. Code §§ 201, 202, 203); ¶¶ 80-84 (failure to reimburse employees for required expenses under Cal. Lab. Code § 2802); ¶¶ 85-94 (illegal deductions from wages under Cal. Lab. Code § 221). And, finally, only Plaintiff sues Defendant under the Private Attorney General Act. See FAC ¶¶ 95-99 (citing Cal. Lab. Code §§ 2698 et seq.).

Plaintiff filed the operative complaint in Sacramento County Superior Court. See generally FAC. Defendant removed the case to this Court, ECF No. 1, and now moves to transfer venue, citing the forum-selection clause, see generally Mot. See also Def.'s Mem., ECF No. 22-1. Plaintiff opposes. See generally Opp'n. The Court held a hearing on this motion on September 20, 2016. Hr'g Mins., ECF No. 32.[3] As explained below, the Court DENIES Defendant's motion to transfer venue.

---

[3] The Court also heard Plaintiff's motion to remand. ECF No. 25. The Court issued a written order granting the motion on jurisdictional grounds, rendering the present motion to transfer moot. ECF No. 34. But Defendant appealed and the Ninth Circuit reversed, concluding this Court had jurisdiction and remanded the case. ECF No. 38. The parties submitted a joint status report, asking this Court to rule on Defendant's transfer motion. ECF No. 43. The Court took the matter under submission on August 18, 2017. Min. Order, ECF No. 44.

3

1                    II.   OPINION

     A.   Standard

     The threshold issue is whether the forum-selection clause applies to Plaintiff's claims.  A court assessing a forum-selection clause's scope applies federal law, see Manetti-Farrow, Inc. v. Gucci Am., Inc., 858 F.2d 509, 512-13 (9th Cir. 1988), and should start with the text, see Ronlake v. US-Reports, Inc., No. 1:11-CV-02009 LJO MJS, 2012 WL 393614, at *4 (E.D. Cal. Feb. 6, 2012).  The Ninth Circuit has held courts should construe certain phrases differently.  Courts should construe terms such as "arising under," "arising hereunder," and "arising out of" narrowly, meaning the forum-selection clause encompasses only those disputes concerning "the interpretation and performance of the contract itself."  See Cape Flattery Ltd. v. Titan Mar., LLC, 647 F.3d 914, 922 (9th Cir. 2011).  Courts should construe phrases such as "relating to," however, more broadly.  Id. Additionally, statutory claims fall within a forum-selection clause's scope when "the claims are 'inextricably intertwined with the construction and enforcement' of the parties' agreement."  Arreguin v. Glob. Equity Lending, Inc., No. C 07-06026 MHP, 2008 WL 4104340, at *4 (N.D. Cal. Sept. 2, 2008) (internal citation omitted).

     B.   Analysis

     The parties dispute whether Plaintiff's claims fall within the forum-selection clause.  Defendant argues they do, contending (1) the forum-selection clause contains no limiting language, so the Court should broadly construe it; and (2) the claims inextricably intertwine with interpreting the Agreement because

                                   4

it is impossible to separate the misclassification issue from the contract.  See Mem. at 3-4; Def.'s Reply, ECF No. 30, at 2-4.

Plaintiff disagrees, contending the forum-selection clause is inapplicable because his non-waivable, statutory claims neither arise from the contract, nor involve interpreting the contract's terms, nor require there to be a contract.  See Opp'n at 13 (citing Narayan, 616 F.3d at 899).  Plaintiff adds the Court can decide the misclassification issue without having to interpret the Agreement, so his claims do not inextricably intertwine with the contract.  See Opp'n at 14-15.

As discussed below, the Court finds the forum-selection clause does not apply to Plaintiff's statutory claims.

### 1. The Forum-Selection Clause's Plain Language

The forum-selection clause states "This Agreement is to be governed by the laws of the United States and of the State of Texas, including the choice-of-law rules of Texas, and [Defendant] and [Plaintiff] hereby consent to the jurisdiction of the state and federal courts nearest to Waco, Texas."  Agreement ¶ 25.

The parties dispute how broadly or narrowly the Court should construe the provision.  Defendant contends the Court should broadly construe it because the clause contains no limiting language, but rather simply points to Waco, Texas as the choice of forum.  See Mem. at 3.  Defendant essentially urges the Court to treat such an omission as synonymous with the "relating to" language the Ninth Circuit held warrants a broad construction.  Cape Flattery, 647 F.3d at 922.  Plaintiff, however, asks for a narrower construction, arguing his statutory claims are non-

waivable rights not arising from the Agreement.  See Opp'n at 15.

A plain reading of the forum-selection clause highlights two points: (1) federal law and Texas law, including Texas's choice-of-law rules, govern the Agreement; and (2) the parties consent to the jurisdiction of state and federal courts closest to Waco, Texas.  In other words, the parties agreed, if a dispute about the Agreement arose, state and federal courts closest to Waco, Texas would have jurisdiction to hear those disputes.  The forum-selection clause says nothing about these specified courts being the exclusive fora; they are merely proper venues for adjudicating disputes about the Agreement.

Although the forum-selection clause omits language the Ninth Circuit requires courts narrowly construe, see Cape Flattery, 647 F.3d at 922 ("arising under," "arising hereunder," and "arising out of"), the forum-selection clause's plain language is synonymous with these phrases and so warrants a narrow construction.  The forum-selection clause first states the governing law and then designates state and federal courts nearest to Waco, Texas as having jurisdiction, the inference being the parties may adjudicate disputes about their contract in state and federal courts closest to Waco, Texas.  The language says nothing about these specified courts having exclusive jurisdiction.

The Ninth Circuit said as much in Hunt Wesson Foods, Inc. v. Supreme Oil Co., a case also discussing a § 1404(a) motion.  817 F.2d 75 (9th Cir. 1987).  The forum-selection clause, there, stated "[t]he courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to

the subject matter of the interpretation of this contract." Id. at 76. The Ninth Circuit reasoned the provision's plain meaning "sa[id] nothing about the Orange County courts having exclusive jurisdiction[,]" that the language's effect was "merely that the parties consent[ed] to the jurisdiction of the Orange County courts." Id. at 77. So too here: The forum-selection clause expressly provides the parties "consent to the jurisdiction" of the specified Texas courts. See Agreement ¶ 25.

Hunt Wesson supports this Court's textual analysis, but there the Ninth Circuit discussed only whether the forum-selection clause was mandatory or permissive. See id. at 77. Neither party cites a case analyzing the scope of a forum-selection clause with language identical to the one here. Nevertheless, as discussed above, the forum-selection clause's plain language is synonymous with phrases such as "arising under," "arising hereunder," and "arising out of," which warrants a narrow construction. So, despite Defendant's argument that the forum-selection clause contains no limiting language, see Mem. at 3, this omission does not alter the Court's conclusion that it should narrowly construe the forum-selection clause. Indeed, Defendant cites not one case showing that "simply point[ing] to Waco, Texas as the 'choice of forum'" warrants "the Ninth Circuit's broader interpretation." See Mem. at 3 (citing no such authority). See also Reply at 2 (emphasizing the clause "includes none of the narrowing language identified by the Ninth Circuit," but citing no supporting authority). The Court will narrowly construe the forum-selection clause.

///

### 2. Misclassification

The misclassification issue underlying this case further supports this Court's decision. The gravamen of Plaintiff's complaint is that Defendant "willfully misclassified," him and other truck drivers like him "to unlawfully avoid compliance with all applicable federal and state laws . . . ." See FAC ¶¶ 1, 11. Where, as here, a plaintiff claims the defendant illegally classified him as an independent contractor to deny statutory benefits, "the proper analytical exercise in resolving [the] action does not turn on the [contract]." Quinonez v. Empire Today, LLC, No. C 10-02049 WHA, 2010 WL 4569873, at *3 (N.D. Cal. Nov. 4, 2010). In such cases, the Ninth Circuit emphasized it would not tolerate contractual schemes to avoid the California Labor Code, as "statutes enacted to confer special benefits on workers are 'designed to defeat rather than implement contractual arrangements.'" Narayan, 616 F.3d at 897 (internal citation omitted). The appellate court made clear the statute, not the contract, gives rise to a plaintiff's claims. See id.

District courts in this circuit have heeded the Ninth Circuit's guidance. In Quinonez, for instance, plaintiff alleged defendant violated the California Labor Code by misclassifying him and the putative class as independent contractors. Quinonez, 2010 WL 4569873 at *1. Defendant moved to dismiss or transfer venue, arguing the "parties agree[d] jurisdiction and venue for any actions hereunder shall reside with the State of Illinois." Id. at *2 (quoting forum-selection clause). The parties disputed whether the forum-selection clause applied to plaintiff's California Labor Code claims. See id. at *1-2. The district

court concluded it did not, reasoning that plaintiff's claims arose not from the contract, but rather from the California statute. See id. at *3.

The Quinonez court explained, because neither party contested that the agreement classified plaintiff as an independent contractor, "the interpretation of the contract [was] not at issue[,]" leaving only a legal issue: "[W]hether in classifying plaintiff, and others like him, as an independent contractor defendant ha[d] violated the law." Id. The district court concluded, in such instances, "the proper analytical exercise in resolving [the] action does not turn on the [contract]" and therefore denied defendant's motion. Id.

This district applied a similar analysis in Ronlake. There, the plaintiffs sued defendant for misclassifying them as non-employees. See Ronlake, 2012 WL 393614 at *1, 4. The defendant moved to dismiss for improper venue, arguing the parties "irrevocably submit[ted] to the exclusive jurisdiction of [specified New York courts] for the purposes of any suit, action or other proceeding arising out of [the] Agreement or any transaction contemplated hereby." Id. at *1 (quoting forum-selection clause). Analogizing to Quinonez, the Ronlake court reasoned "neither party contest[ed] that Plaintiffs [we]re classified as nonemployees/partners in the contract between the parties[,]" so interpreting the contract was not at issue, leaving only the question "whether in classifying Plaintiffs as non-employees, Defendant ha[d] violated the law[,]" a question falling outside the forum-selection clause's scope because the issue did not "aris[e] out of" the contract. Ronlake, 2012 WL

393614 at *4-5 (denying motion).

The same logic applies here. The Agreement classifies Plaintiff as a "contractor[,] not [an] employee of [Defendant]." Agreement ¶ 14. Neither party disputes that the Agreement classifies Plaintiff as an independent contractor, so contract interpretation is not the issue here. The only question is whether Defendant illegally misclassified Plaintiff, and other truck drivers like him, a question requiring an analytical exercise that does not turn on the Agreement. See Ronlake, 2012 WL 393614 at *4-5; Quinonez, 2010 WL 4569873 at *2-3. Although the Agreement "will likely be used as evidence to prove or disprove [Plaintiff's] statutory claims, the claims do not arise out of the contract, involve the interpretation of any contract terms, or otherwise require there to be a contract." Narayan, 616 F.3d at 899 (citing S.G. Borello & Sons, Inc. v. Dep't of Indus. Relations, 48 Cal. 3d 341 (1989)). The same holds true for Plaintiff's § 17200 claim, for it derives from his § 2802 claim. Cf. Arreguin, 2008 WL 4104340 at *1, 4. Therefore, Plaintiff's statutory claims fall outside the forum-selection clause's scope.

Defendant cites Robles v. Comtrak Logistics, Inc. and Perry v. AT&T Mobility LLC for supporting authority, but these factually distinguishable cases do not alter this Court's conclusion. See Mem. at 3 (citing No. 2:13-cv-00161-JAM-AC, 2015 WL 1530510 (E.D. Cal. Apr. 3, 2015)); Reply at 3 (citing Perry, No. C 11-01488 SI, 2011 WL 4080625, at *3-4 (N.D. Cal. Sept. 12, 2011)). Defendant first cites Robles, this Court's decision regarding a § 1404(a) motion in a different California wage-and-

hour putative class action.  The issue, there, also concerned misclassification.  See Robles, 2015 WL 1530510 at *1.  The employer moved to transfer venue, citing a forum-selection clause, which stated "any action or suit relating to this Agreement shall be brought in the state or federal courts sitting in Memphis, Tennessee, and in no other court."  Id. at *1-2.  This Court granted the employer's motion.  Id. at *1.

At hearing, Defendant again cited Robles, explaining this Court transferred Robles "because there was no proof or supposition that the Tennessee courts couldn't apply California law."  See Hr'g Tr. at 26:20-21.  But Defendant mischaracterizes this Court's reasoning: The discussion about whether Tennessee courts could apply California law concerned the forum-selection clause's enforceability, not its scope.  Robles, 2015 WL 1530510 at *6.  Citing the Court's enforceability analysis does not advance Defendant's argument that Plaintiff's claims fall within the forum-selection clause's scope.

This Court, however, also assessed scope in Robles, an analysis that makes Robles distinguishable.  There, this Court concluded it should broadly construe the clause because the clause said "any action . . . relating to."  Id. at *2-4 (emphasis added).  This Court analogized to Perry (the other case Defendant here cites), reasoning that the phrase "any action . . . relating to" made the Robles forum-selection clause, just like the Perry forum-selection clause, "significantly broader" than clauses using "arising under" language.  Id. at *4 (citing Perry, 2011 WL 4080625 at *3-4).  This Court, and the Perry court, therefore concluded the asserted claims fell within the scopes of

11

the respective forum-selection clauses. Robles, 2015 WL 1530510 at *4; Perry, 2011 WL 4080625 at *4. But, here, the Court finds that the forum-selection clause should be narrowly construed, as it contains no such "relating to" language, but rather, as discussed above, uses phrasing synonymous with "arising under", making Robles and Perry distinguishable.

### 3. Conclusion

The Court finds that the forum-selection clause's plain language warrants a narrow construction, which, when applied, renders the clause inapplicable to Plaintiff's statutory claims, for the issue is not whether the Agreement classifies Plaintiff as an independent contractor, but whether Defendant illegally misclassified him as such, which does not require contract interpretation. Defendant's reliance on Robles and Perry does not alter this Court's conclusion, for those cases are distinguishable because the courts there broadly construed the forum-selection clauses. To rule otherwise, here, would contravene the Ninth Circuit's admonition in Narayan to beware of contractual schemes designed to avoid the California Labor Code. The forum-selection clause does not apply to Plaintiff's statutory claims.

Consequently, the Court need not address the parties' arguments about the enforceability of the forum-selection clause under the framework prescribed by the U.S. Supreme Court in Atlantic Marine Construction Co. v. U.S. District Court for the Western District of Texas, 134 S. Ct. 568 (2013). See Conde v. Open Door Marketing, LLC, No. 15-cv-04080-KAW, 2016 WL 1427641, at *4 & n.7 (N.D. Cal. Apr. 12, 2016).

Defendant relies on Atlantic Marine in support of its motion, making no attempt to address the § 1404(a) factors in the event this Court ruled, as it has, that Plaintiff's claims fall outside the forum-selection clause's scope. The Atlantic Marine rule "presupposes a contractually valid forum-selection clause[,]" Atl. Marine, 134 S. Ct. at 581, n.5, and, "[b]y extension, . . . a dispute that unquestionably falls within the scope of that contract[,]" Indus. Print Techs., LLC, v. Canon U.S.A., Inc., No. 2:14-cv-00019, 2014 WL 7240050, at *2 (E.D. Tex. Dec. 19, 2014). Cf. Conde, 2016 WL 1427641 at *4 & n.7 (denying motion because it relied almost exclusively on Atlantic Marine, but claims fell outside scope); Telesocial Inc. v. Orange S.A., No. 14-cv-03985-JD, 2015 WL 1927697, at *3-4 (N.D. Cal. Apr. 28, 2015) (same). By relying solely on the forum-selection clause as grounds for transfer and by not also analyzing the § 1404(a) factors, Defendant has failed to persuade this Court that this case should be transferred to the federal court nearest to Waco, Texas.

### III. ORDER

For the reasons explained above, the Court DENIES Defendant's motion to transfer venue. Defendant must file an answer within 20 days from the date of this Order and the parties must file a joint status report within 20 days thereafter pursuant to this Court's Order filed 2/11/16. ECF No. 2.

IT IS SO ORDERED.

Dated: October 6, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE