1

2

3

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10                    EASTERN DISTRICT OF CALIFORNIA

11

12   RICKEY HENRY, an individual,      No.  2:16-cv-00280-JAM-EFB
     on behalf of himself, and on
13   behalf of all persons
     similarly situated,
14                                     **ORDER GRANTING IN PART AND**
                    Plaintiff,         **DENYING IN PART DEFENDANT'S**
15                                     **MOTION FOR SUMMARY JUDGMENT AND**
                                       **DENYING PLAINTIFF'S CROSS-**
16        v.                           **MOTION FOR SUMMARY JUDGMENT**

17   CENTRAL FREIGHT LINES, INC.,
     a Corporation, and DOES 1
18   through 50, Inclusive,

19                    Defendants.

20        Rickey Henry ("Henry" or "Plaintiff") worked for Central

21   Freight Lines, Inc. ("CFL" or "Defendant") as a truck driver from

22   April 2014 to February 2015.  Henry alleges CFL intentionally and

23   illegally misclassified him, and other putative class member-

24   truck drivers, as independent contractors to deny them statutory

25   benefits owed under the California Labor Code.  CFL contends that

26   Henry, and the putative class members, were properly classified

27   as independent contractors and therefore not entitled to certain

28   protections and benefits under the California Labor Code.

                                 1

CFL moves for summary judgment on all of Henry's claims. Mot., ECF No. 72-1. Henry opposes and cross-moves for summary judgment. Henry Opp'n/Cross-Mot., ECF No. 73. CFL opposes Henry's cross-motion. CFL Opp'n, ECF No. 76.

For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART Defendant's motion and DENIES Plaintiff's cross-motion.[1]

## I.  FACTUAL AND PROCEDURAL BACKGROUND

Defendant Central Freight Lines, Inc. is a federally registered and permitted motor carrier headquartered in Texas and incorporated under the laws of Texas. Henry Response to CFL Facts ("CFL UF"), ECF No. 73-3, ¶ 1 (all citations to CFL UF refer to Section I of the document). CFL contracts services from long-haul truck drivers and trucking service companies, generally to move freight from one CFL terminal to another. Id. ¶¶ 2-3.

In May 2014, Plaintiff Rickey Henry and CFL entered into an independent contractor agreement (the "ICA"), under which Henry agreed to provide services to CFL as an owner-operator truck driver. CFL UF ¶ 4; ICA, ECF No. 72-2 at Exhibit 2. Henry hauled CFL's customers' freight between CFL terminals, under CFL's DOT operating authority. CFL Response to Henry Facts ("Henry UF"), ECF No. 76-12, ¶¶ 4, 36. The ICA, which was for an initial term of one year, would automatically renew year-to-year but could be terminated sooner by either party. CFL UF ¶ 15; Henry UF ¶ 105. Henry provided services to CFL under the ICA

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for March 19, 2019.

until February 2015, when CFL elected to terminate the agreement. CFL ¶ 8.  Henry was a California resident during his time with CFL, though Henry did not drive exclusively in California.  Henry UF ¶¶ 126, 129.

Henry received weekly "settlement statements" from CFL that calculated his pay.  Henry UF ¶ 132.  Under the ICA, the parties set forth which costs and expenses CFL would initially cover and then deduct from Henry's weekly settlements ("charge-backs").  CFL UF ¶ 11; Henry UF ¶¶ 130, 132.  Henry was also required to furnish his own truck and to carry insurance to drive for CFL.  Henry UF ¶¶ 27-31, 37, 130.  Henry leased a truck through Wasatch Leasing, and CFL deducted the lease payments directly from Henry's settlement statements.  Henry UF ¶ 41.  CFL reported the compensation it paid Henry as payments to a contractor and CFL issued Henry a Form 1099.  CFL UF ¶ 40.

CFL did not prescribe or guarantee Henry any specific number of shipments or revenue, or prescribe Henry any minimum amount of hours or jobs.  CFL UF ¶ 17.  When he was not providing services, he kept his truck at a private lot and not at the CFL terminal.  CFL UF ¶ 22.  Henry was not barred from performing work for other motor carriers, but he could not use the same truck he leased for his CFL jobs for that other work. CFL UF ¶ 23; Henry UF ¶ 125.

On October 20, 2015, Henry filed the Complaint against CFL in Sacramento County Superior Court (Case No. 34-2015-00185756).  Compl., ECF No. 1-5.  On December 10, 2015, Henry filed a First Amended Complaint.  FAC, ECF No. 1-6. CFL removed the case to this Court on February 11, 2016. ECF No. 1. Henry moved to remand the case back to Sacramento County Superior Court and that motion

was granted on October 6, 2016. ECF No. 34.  CFL appealed the Court's Order and the Ninth Circuit reversed and remanded the case back to this Court in July 2017. ECF Nos. 38, 40. This Court subsequently denied CFL's motion to transfer venue to the Western District of Texas. ECF No. 45

In the FAC, Henry alleges causes of action for (1) Unfair Competition in violation of Cal. Bus. & Prof. Code §§ 17200 et seq.; (2) Failure to Pay Minimum Wages in Violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1; (3) Failure to Provide Accurate Itemized Statements in Violation of Cal. Lab. Code § 226; (4) Failure to Provide Wages When Due in Violation of Cal. Lab. Code §§ 201, 202, and 203; (5) Failure to Reimburse Employees for Required Expenses in Violation of Cal. Lab. Code § 2802; (6) Illegal Deductions from Wages in Violation of Cal. Lab. Code § 221; and (7) Violation of the Private Attorneys General Act, Cal. Lab. Code §§ 2698, et seq.  See FAC.  Henry brings this putative class action on behalf of a class consisting of all individuals who worked for CFL in California as truck drivers and were classified as independent contractors at any time beginning: (a) October 20, 2011, with respect to the first cause of action; (b) October 20, 2012, with respect to the second, third, fourth, fifth, and sixth causes of action; and (c) October 20, 2014, with respect to the seventh cause of action.  Id. ¶¶ 23, 33, 97.

## II.   OPINION

### A.   Judicial Notice

Henry ask this Court to take judicial notice of: (1) a March 27, 2018, Order Denying Summary Judgment in Raul Villareal v. Central Freight Lines, Inc., Los Angeles County Superior Court

Case No. NS032922; and (2) a July 18, 2018, Minute Order in Johnson v. VCG-IS, LLC, Orange County Superior Court Case No. 30-2015-00802813-CU-CR-CXC. RJN, ECF No. 78-3. Since judicial notice of the existence of court records is "routinely accepted," the requests for judicial notice are granted as to the existence of the records but not as to the truth of their contents. Mendez v. Optio Sols., LLC, 219 F. Supp. 3d 1012, 1014 (S.D. Cal. 2016).

Additionally, CFL objects to certain evidence submitted by Henry in opposition to CFL's motion and in support of his cross-motion. ECF No. 76-11. This Court has reviewed these evidentiary objections, but declines to rule on them as courts self-police evidentiary issues on motions for summary judgment and a formal ruling is unnecessary to the determination of these motions. See Burch v. Regents of the University of California, 433 F.Supp.2d 1110, 1118-1122 (E.D. Cal. 2006).

B.   Collateral Estoppel Issues

1.   Collateral Estoppel Against CFL

As in this case, in Raul Villareal v. Central Freight Lines, Inc., Los Angeles County Superior Court Case No. NS032922, CFL moved for summary judgment arguing that plaintiff Raul Villareal was an independent contractor and not subject to the California Labor Code, that the Truth-in-Leasing regulations preempted certain of Villareal's causes of action, and that the application of California's wage and hour laws violated the dormant Commerce Clause. ECF No. 73-2, Exhibit 16, at 379-393. The court denied CFL's motion. Id. Henry argues that CFL is now precluded from arguing these same issues against Henry. Henry Reply, ECF No. 78, at 13-16. This Court disagrees.

Offensive non-mutual collateral estoppel, which Henry seeks to apply here, "is appropriate only if (1) there was a full and fair opportunity to litigate the identical issue in the prior action; (2) the issue was actually litigated in the prior action; (3) the issue was decided in a final judgment; and (4) the party against whom issue preclusion is asserted was a party or in privity with a party to the prior action." Syverson v. Int'l Bus. Machines Corp., 472 F.3d 1072, 1078 (9th Cir. 2007) (internal citations omitted). A denial of a motion for summary judgment is generally not a final judgment. United States v. Caballero, No. 2:11-MJ-00035-EFB-1, 2017 WL 5564900, at *4 (E.D. Cal. Nov. 20, 2017) (citing Jones-Hamilton Co. v. Beazer Materials & Servs., Inc., 973 F.2d 688, 693-94 (9th Cir. 1992)).

Thus, offensive non-mutual collateral estoppel does not apply here.

### 2.    One-Way Intervention Rule and the Propriety of Henry's Cross-Motion

The Ninth Circuit has held that Federal Rule of Civil Procedure 23(c)(2) bars "the intervention of a plaintiff in a class action after an adjudication favoring the class ha[s] taken place. Such intervention is termed 'one way' because the plaintiff would not otherwise be bound by an adjudication in favor of the defendant." Schwarzschild v. Tse, 69 F.3d 293, 295 (9th Cir. 1995). The rule exists in part to protect defendants from an imbalanced system in which members of a not-yet-certified class wait for a court's substantive ruling and either opt in to a favorable ruling or avoid being bound by an unfavorable one. See Flo & Eddie, Inc. v. Sirius XM Radio, Inc., No. 2:13-cv-

05693-PSG-GJS, 2015 WL 4776932, at *4 (C.D. Cal. May 27, 2015).

CFL argues that, under the same rationale which bars one-way intervention, this Court should not rule on Henry's cross-motion for summary judgment because Henry has not yet moved for class certification. CFL Reply/Opp'n, ECF No. 76, at 1-2 (citing Schwarzchild). This Court agrees. CFL here faces the precise risk that prompted the Ninth Circuit to find one-way intervention impermissible: Henry's summary judgment motion if successful could bind CFL as to the putative class and if unsuccessful would not prevent other putative class members from filing their own suits in the hopes of a more favorable ruling. See Villa v. San Francisco Forty-Niners, Ltd., 104 F. Supp. 3d 1017, 1020-21 (N.D. Cal. 2015). Consequently, ruling on Henry's cross-motion would also waste valuable judicial resources.

Furthermore, this Court is not persuaded that CFL has waived its right to prevent this tactical manuever by signing a stipulation consenting to the timing of Henry's "opposition, and any related cross-motion pursuant to L.R. 230(e)." ECF No. 70. The Local Rules do require the filing of cross-motions "related to the general subject matter of the original motion" but the rule against one-way intervention provides an exception in this case. Nevertheless, Henry can properly cross-move for summary judgment on his PAGA claim because that claim need not be certified under Rule 23. Magadia v. Wal-Mart Assocs., Inc., 319 F. Supp. 3d 1180, 1186-87 (N.D. Cal. 2018) (collecting cases).

Additionally, the rule against one-way intervention does not prevent this Court from ruling on CFL's motion for summary judgment. Wright v. Schock, 742 F.2d 541, 544 (9th Cir. 1984)

("Where the defendant assumes the risk that summary judgment in his favor will have only stare decisis effect on [the named plaintiff], it is within the discretion of the district court to rule on the summary judgment motion first.").

Thus, under the one-way intervention rule, this Court denies Henry's cross-motion except as to his PAGA claim. This denial is without prejudice, and, should a class be certified, the putative class will be permitted to move for summary judgment on any remaining claims after class certification.

C.  Preemption of California Meal and Rest Break Rules by FMCSA Order

On December 28, 2018, the Federal Motor Carrier Safety Administration ("FMCSA") published an Order concluding that California's meal and rest break rules, codified in California Labor Code sections 226.7 and 512 and sections 11 and 12 of IWC Order 9-2001, are preempted, under 49 U.S.C. 31141(c), as applied to property-carrying commercial motor vehicle (CMV) drivers covered by the FMCSA's hours of service regulations. See California's Meal and Rest Break Rules for Commercial Motor Vehicle Drivers; Petition for Determination of Preemption ("FMCSA Preemption Order"), Docket No. FMCSA-2018-0304, 83 Fed. Reg. 67470 (Dec. 28, 2018).

A petition for judicial review of an FMCSA preemption determination may only be filed in a circuit court. See 49 U.S.C. § 31141(f). Therefore, this Court is without authority to determine the validity of the FMCSA Preemption Order. Thus, unless and until the Ninth Circuit determines otherwise, this Court will follow the FMCSA Preemption Order and will not enforce

the preempted provisions.  See 49 U.S.C. § 31141(a) ("A State may

not enforce a State law or regulation on commercial motor vehicle

safety that the Secretary of Transportation decides under this

section may not be enforced."); see also, Ayala v. U.S Xpress

Enterprises, Inc., No. 5:16-cv-00137-GW-KK, 2019 WL 1986760, at

*3 (C.D. Cal. May 2, 2019); Supplemental Authority, ECF No. 85.

///

    Accordingly, this Court grants summary judgment to CFL on

Henry's claims alleging violations of California's meal and rest

break rules under California Labor Code sections 226.7 and 512.

    Henry may, however, move for reconsideration of this order

should the Ninth Circuit invalidate the FMCSA Preemption Order.

Four petitions for review challenging the FMCSA Preemption Order

are currently pending before the Ninth Circuit.  Petition Nos.

18-73488, 19-70323, 19-70329, and 19-70413.

    D.   Preemption of Application of California's Wage and

        Hour Laws by Dormant Commerce Clause

    The Constitution grants Congress the power to "regulate

Commerce ... among the several States."  U.S. Const. art. I, § 8,

cl. 3.  "Although the Commerce Clause is by its text an

affirmative grant of power to Congress to regulate interstate and

foreign commerce, the Clause has long been recognized as a self-

executing limitation on the power of the States to enact laws

imposing substantial burdens on such commerce."  S.-Cent. Timber

Dev., Inc. v. Wunnicke, 467 U.S. 82, 87 (1984).  This negative

implication of the Commerce Clause has come to be called the

"dormant Commerce Clause."  Dep't of Revenue of Ky. v. Davis, 553

U.S. 328, 337 (2008).  CFL argues California's wage and hour

laws, as applied to CFL, violate the dormant Commerce Clause doctrine and thus Henry's claims thereunder fail.  Mot. at 20-25.

When conducting a dormant Commerce Clause analysis, the court first asks "whether a challenged law discriminates against interstate commerce.  A discriminatory law is virtually *per se* invalid, and will survive only if it advances a legitimate local purpose that cannot be adequately served by reasonable nondiscriminatory alternatives."  Davis, 553 U.S. at 338-39 (internal quotes and citations omitted).  Absent such prohibited discrimination, "[w]here a statute regulates even-handedly to effectuate a legitimate local public interest, and its effects on interstate commerce are only incidental, it will be upheld unless the burden imposed on such commerce is clearly excessive in relation to the putative local benefits."  Pike v. Bruce Church, Inc., 397 U.S. 137, 142 (1970).  "State laws frequently survive this Pike scrutiny..."  Davis, 553 U.S. at 339.

There is no allegation here that California's wage and hour laws facially discriminate against interstate commerce.  See Sullivan v. Oracle Corp., 662 F.3d 1265, 1271 (9th Cir. 2011) ("California applies its Labor Code equally to work performed in California, whether that work is performed by California residents or by out-of-state residents.  There is no plausible Dormant Commerce Clause argument when California has chosen to treat out-of-state residents equally with its own.").

Rather, the only argument is that the laws, as applied to CFL's interstate trucking operations, impose a burden on interstate commerce that is impermissible under Pike.  Mot. at 20-25.  CFL contends the administrative and financial burdens are

10

"unfathomable" because it would have to "carefully track the time each driver spent in each state," "sort out" and "reconcile" each state's wage and hour laws, and put forward this "monumental effort[]" without an in-house legal department.  Id.  This Court does not find these arguments persuasive.  As discussed *supra*, CFL's motion for summary judgment, brought before class certification, is being considered only as to Henry's claims.  The Court is not prepared, on the record before it, to find the application of California's wage and hour laws to CFL for the time worked by Henry in California imposes a "clearly excessive" burden on interstate commerce relative to the legitimate local public interest California has in regulating employment matters.  See Yoder v. W. Express, Inc., 181 F. Supp. 3d 704, 722 (C.D. Cal. 2015); Henry UF ¶¶ 82, 95-96.

Thus, this Court denies CFL's motion for summary judgment on the grounds that the application of California's wage and hour laws to CFL violate the dormant Commerce Clause doctrine.

E.   Preemption by TIL Regulations

CFL argues federal Truth-in-Leasing ("TIL") Regulations bar Henry's unlawful deduction, waiting time, and reimbursement claims under the doctrine of conflict preemption.  Mot. at 16-19. CFL contends that the TIL regulations, specifically 49 C.F.R. § 376.12, explicitly permit the particular charge-back arrangement entered into by the parties, and that Henry now seeks to essentially rewrite the terms of the ICA.  Id.

While CFL did not raise this exact defense in its Answer, its Affirmative Defense Thirty-Eight was sufficient to put Henry on notice of this defense.  Answer, ECF No. 46, ¶ 38

("Plaintiffs' claims are preempted by federal and state law, including, but not limited to, the Federal Aviation Administration Authorization Act and the Federal Motor Carrier Safety Act."). Moreover, "[i]n the absence of a showing of prejudice ... an affirmative defense may be raised for the first time at summary judgment." Camarillo v. McCarthy, 998 F.2d 638, 639 (9th Cir. 1993). Henry has not demonstrated prejudice.

"Conflict preemption exists when either: (i) a state law indirectly conflicts with a federal law because it interferes with the objectives of the federal law or is an obstacle to the accomplishment of the federal purpose ('indirect preemption' or 'obstacle preemption'); or (ii) a state law directly conflicts with a federal law because it is impossible to comply with both ('direct preemption' or 'impossibility preemption')." Valadez v. CSX Intermodal Terminals, Inc., No. 3:15-cv-05433-EDL, 2017 WL 1416883, at *7 (N.D. Cal. Apr. 10, 2017) (citing Sprietsma v. Mercury Marine, a Div. of Brunswick Corp., 537 U.S. 51, 64-65 (2002)).

Conflict pre-emption does not apply here. It is not impossible to comply with both California labor law and the TIL regulations. The TIL regulations only require that the deductions and allocation of expenses be specified and disclosed in the parties' agreement, not that they be allocated in a certain manner. Deductions and allocations of expenses can both comply with the California Labor Code and be specified in the agreement as the TIL regulations require. See Goyal v. CSX Intermodal Terminals, Inc., No. 3:17-cv-06081-EMC, 2018 WL 4649829, at *3 (N.D. Cal. Sept. 25, 2018). Nor is the California

Labor Code an obstacle to the accomplishment of the purpose of the TIL regulations at issue.  "[T]he primary purpose of the TIL regulations is to protect drivers by ensuring full disclosure in leases," and compliance with the California Labor Code does not interfere with that objective.  Valadez, 2017 WL 1416883, at *8.

This Court therefore denies CFL's motion for summary judgment on the grounds that the TIL regulations bar Henry's unlawful deduction, waiting time, and reimbursement claims through conflict preemption.

F.   Costs and Expenses Claim for Leasing the Truck

CFL argues, as a matter of law, Henry cannot recover money he paid to own or lease the vehicle used in service of his contract with CFL.  Mot. at 19-20.

The California Division of Labor Standards Enforcement ("DLSE") has stated that although the costs of *operating* a motor vehicle in the course of employment may be covered by California Labor Code section 2802, the costs of *furnishing* the vehicle itself are not.  See DLSE Interpretive Bulletin No. 84-7 (Jan. 8, 1985) ("Bulletin 84-7").  Relying on Bulletin 84-7, in Estrada v. FedEx Ground Package System, Inc., the California Court of Appeal affirmed that, under California law, an employer is not required to reimburse employee-drivers for the costs of purchasing or leasing their vehicles.  154 Cal. App. 4th 1, 21-25 (Cal. Ct. App. 2007).

Nevertheless, while Estrada provides strong support for CFL's argument, prior to a determination that Henry is an employee and therefore entitled to bring claims under the California Labor Code, this Court is not in a position to rule on

13

whether the lease payments in this case are or are not subject to reimbursement. Smith v. Cardinal Logistics Mgmt. Corp., No. 3:07-cv-02104-SC, 2009 WL 2588879, at *5 (N.D. Cal. Aug. 19, 2009). As discussed *infra*, this Court cannot make a determination of Henry's employment classification at this stage.

Thus, this Court denies CFL's motion for summary judgment as to Henry's claims for a reimbursement of lease payments.

G.    *Dynamex* ABC Test

In 2018 the California Supreme Court clarified that the ABC test is the applicable standard to determine whether a worker is an employee or an independent contractor for purposes of applying California wage orders. Dynamex Operations W. v. Superior Court, 4 Cal. 5th 903 (Cal. 2018), reh'g denied (June 20, 2018).

Primarily, CFL argues this Court should determine Henry's employment classification under the long-used standard described in S. G. Borello & Sons, Inc. v. Dep't of Indus. Relations, 48 Cal. 3d 341 (Cal. 1989) ("Borello"), as opposed to the newly-announced Dynamex ABC test. Mot. at 6-16. In turn, CFL contends the ABC test should not be applied retroactively to Henry's claims. CFL further argues that even if Henry were considered an employee under the ABC test, such a determination only applies to claims brought under California wage orders.

1.    Retroactivity of the ABC Test

The Ninth Circuit recently held that Dynamex applies retroactively. Vazquez v. Jan-Pro Franchising Int'l, Inc., 923 F.3d 575, 586-90 (9th Cir. 2019). In Vazquez, the Ninth Circuit addressed the retroactive application of the ABC test under California law and with respect to due process concerns of

14

fairness and reliance interests, the same arguments CFL raises here. Id.; Mot. at 6-9. This Court follows the reasoning and holding of Vazquez and thus applies the ABC test discussed in Dynamex to Henry's claims brought under California wage orders.

## 2. Preemption of the ABC Test by FAAAA

The Federal Aviation Administration Authorization Act ("FAAAA") provides that states "may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a price, route, or service of any motor carrier." 49 U.S.C. § 14501(c)(1). While Congress intended this "related to" preemption to be broad, "the FAAAA does not preempt state laws that affect a carrier's prices, routes, or services in only a tenuous, remote, or peripheral manner with no significant impact on Congress's deregulatory objectives." California Trucking Ass'n v. Su, 903 F.3d 953, 960 (9th Cir. 2018), cert. denied, 139 S. Ct. 1331 (2019) (internal citations and quotes omitted). The FAAAA will not preempt a "generally applicable background regulation in an area of traditional state power that has no significant impact on a carrier's prices, routes, or services." Su, 903 F.3d at 957, 961.

CFL contends that the FAAAA fully preempts the Dynamex ABC test, or, at a minimum, preempts Part B of the test. CFL Reply/Opp'n at 4-5, 10-13. While the Ninth Circuit has yet to rule on the issue, it has stated, in dicta, "the ABC test may effectively compel a motor carrier to use employees for certain services because, under the ABC test, a worker providing a service within an employer's usual course of business will never be considered an independent contractor." Su, 903 F.3d at 964

15

(holding, on the other hand, that the Borello standard is not preempted by the FAAAA because the multi-factored standard does not compel the use of employees or independent contractors). Moreover, lower courts in this circuit are divided on the issue. Alvarez v. XPO Logistics Cartage LLC, No. 2:18-cv-03736-SJO-E, 2018 WL 6271965, at *5 (C.D. Cal. Nov. 15, 2018) (finding the FAAAA fully preempts the Dynamex ABC test); Valadez, 2019 WL 1975460, at *8 (finding the FAAAA preempts only Part B of the Dynamex ABC test); W. States Trucking Ass'n v. Schoorl, No. 2:18-cv-01989-MCE-KJN, 2019 WL 1426304, at *10 (E.D. Cal. Mar. 29, 2019) (finding the FAAAA does not preempt the Dynamex ABC test).

This Court finds that the FAAAA does not preempt the application of the Dynamex ABC test to claims arising under California wage orders. The Dynamex ABC test is a general classification test that does not apply to motor carriers specifically and does not, by its terms, compel a carrier to use an employee or an independent contractor. The test does "not set prices, mandate or prohibit certain routes, or tell motor carriers what services they may or may not provide, either directly or indirectly." Dilts v. Penske Logistics, LLC, 769 F.3d 637, 647 (9th Cir. 2014). Nor does it " 'bind' motor carriers to specific prices, routes, or services." Id. The Dynamex ABC test merely requires employers to classify employees appropriately and comply with generally applicable wage orders. W. States Trucking Ass'n, 2019 WL 1426304, at *10. CFL has failed to demonstrate how the Dynamex ABC test significantly affects its prices, routes, or services to warrant preemption.

Thus, this Court finds the Dynamex ABC test is not preempted

1  by the FAAAA.

2            3.   <u>Scope of Determination Under the ABC Test</u>

3       The California Supreme Court explicitly limited its adoption

4  of the ABC test to "one specific context" – determining "whether

5  workers should be classified as employees or as independent

6  contractors *for purposes of California wage orders*." <u>Dynamex</u>,

7  4 Cal. 5th at 913-14 (emphasis in original).  <u>Dynamex</u> involved

8  alleged violations of both Industrial Welfare Commission Wage

9  Order No. 9 and the California Labor Code.  The term "employ" in

10 IWC wage orders means not only "to exercise control over the

11 wages, hours or working conditions," but also "to suffer or

12 permit to work."  <u>Id.</u> at 942-944.  This distinction was central

13 to the reasoning of the <u>Dynamex</u> Court, which found the "suffer or

14 permit to work" definition embodied the broad remedial purpose of

15 the wage orders and thus determined the ABC test was the

16 appropriate standard for claims arising under the wage orders,

17 rather than the common-law "control" test described in <u>Borello</u>.

18 <u>Id.</u> at 952-54, 958-64.  This Court declines to expand the

19 application of the <u>Dynamex</u> ABC test beyond the "one specific

20 context" endorsed by the California Supreme Court.

21      This Court agrees with CFL that Henry's claims for

22 reimbursement, unlawful deductions, waiting time penalties, wage

23 statement penalties, and violations of PAGA are not grounded in

24 the wage orders, but rather in the California Labor Code, and

25 must therefore be decided based on Henry's classification under

26 the <u>Borello</u> standard.  <u>Thurman v. Bayshore Transit Mgmt., Inc.</u>,

27 203 Cal. App. 4th 1112, 1132 (Cal. Ct. App. 2012) (holding that

28 "PAGA does not create any private right of action to directly

enforce a wage order" because "a wage order is not a statute").

### 4. <u>Application of ABC Test</u>

The ABC test "presumptively considers all workers to be employees, and permits workers to be classified as independent contractors only if the hiring business demonstrates that the worker in question satisfies each of three conditions: (a) that the worker is free from the control and direction of the hiring entity in connection with the performance of the work, both under the contract for the performance of such work and in fact; and (b) that the worker performs work that is outside the usual course of the hiring entity's business; and (c) that the worker is customarily engaged in an independently established trade, occupation, or business of the same nature as the work performed." <u>Dynamex</u>, 4 Cal. 5th at 955-56. "Application of Prongs A and C is most likely to trigger the need for further factual development, because the considerations relevant to those prongs are the most factually oriented. But the ABC test is conjunctive, so a finding of any prong against the hiring entity directs a finding of an employer-employee relationship. Prong B may be the most susceptible to summary judgment on the record already developed." <u>Vazquez</u>, 923 F.3d at 596.

Despite the substantial factual disagreements presented on this motion, Henry has compelling arguments that his employment by CFL fails Prong B of the ABC test, making Henry an employee. Indeed, Henry moved this Court to determine the ABC test applies and that he was CFL's employee under the test. Opp'n/Cross-Mot. at 16-23. However, this Court, as discussed *supra*, finds, except as to his PAGA claim which rests on the <u>Borello</u> standard, Henry's

18

cross-motion to be improper as violating the one-way intervention rule. CFL did not move for a determination that Henry was properly classified as an independent contractor under the ABC test; rather CFL only presented arguments limiting the applicability of the ABC test to Henry's claims, which are addressed above. Mot. at 6-16. This Court therefore does not reach the merits of whether CFL properly classified Henry as an independent contractor under the ABC test.

H.    *Borello* Standard

"The California Labor Code ... confers certain benefits on employees that it does not afford independent contractors." Narayan v. EGL, Inc., 616 F.3d 895, 897 (9th Cir. 2010). CFL argues Henry's claims for violations of the California Labor Code fail because, under the Borello standard, Henry is properly classified as an independent contractor, not an employee. Mot. at 9-12.

Borello is the "seminal California decision" providing the standard for determining whether to classify a worker as an employee or independent contractor. Dynamex, 4 Cal. 5th at 929. Under the Borello standard, the most significant factor in this determination is the right of the principal to control the manner and means of accomplishing the result desired. Borello, 48 Cal. 3d at 349-50 (noting that "[t]he label placed by the parties on their relationship is not dispositive, and subterfuges are not countenanced."). Moreover, the right to terminate a worker at will, without cause, is considered "[s]trong evidence in support of an employment relationship." Id. at 350-51 (quoting Tieberg v. Unemployment Ins. App. Bd., 2 Cal. 3d 943, 949 (Cal. 1970)).

Nevertheless, in <u>Borello</u>, the California Supreme Court also explained that additional, "secondary" factors may be relevant in making the classification determination, including: "(a) whether the one performing services is engaged in a distinct occupation or business; (b) the kind of occupation, with reference to whether, in the locality, the work is usually done under the direction of the principal or by a specialist without supervision; (c) the skill required in the particular occupation; (d) whether the principal or the worker supplies the instrumentalities, tools, and the place of work for the person doing the work; (e) the length of time for which the services are to be performed; (f) the method of payment, whether by the time or by the job; (g) whether or not the work is part of the regular business of the principal; and (h) whether or not the parties believe they are creating the relationship of employer-employee." <u>Id.</u> at 350-51. These factors "[g]enerally ... cannot be applied mechanically as separate tests; they are intertwined and their weight depends often on particular combinations." <u>Id.</u> at 351 (quoting <u>Germann v. Workers' Comp. Appeals Bd.</u>, 123 Cal. App. 3d 776, 783 (Cal. Ct. App. 1981)).

On this record, there are factual disputes regarding control over Henry's working condition, including required adherence to certain CFL policies and procedures (CFL UF ¶¶ 14, 16; Henry UF ¶¶ 56-60, 65-72, 82-86); possession of and leasing of his truck (CFL UF ¶ 10; Henry UF ¶¶ 38-40); his ability to accept or decline loads and do so without reprisal (CFL UF ¶ 18; Henry UF ¶¶ 43-44, 52-54); his ability to choose his route (CFL UF ¶ 21; Henry UF ¶¶ 48-51); his ability to hire other drivers to assist

him (CFL UF ¶¶ 24-25; Henry UF ¶¶ 97-101); the circumstances of his hiring and training (CFL UF ¶¶ 34-35; Henry UF ¶¶ 10-17, 19-26, 61); his pay (CFL UF ¶¶ 36-37; Henry UF ¶¶ 77-80); and his post-CFL work (CFL UF ¶¶ 41-44; Henry UF ¶¶ 102-104).  Given the numerous factual disputes having a bearing on the multi-factored Borello standard, this Court cannot, as a matter of law, grant summary judgment to either party.  Narayan, 616 F.3d at 904. There exist sufficient indicia of both an employer-employee and principal-independent contractor relationship between Henry and CFL such that a reasonable jury could find the existence of either such relationship.

Accordingly, this Court denies CFL's motion for summary judgment as to Henry's remaining claims arising under the California Labor Code, and denies Henry's motion for summary judgment on his PAGA claim.

### III.   ORDER

For the reasons set forth above, this Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Summary Judgment (ECF No. 72-1) and DENIES Plaintiff's Cross-Motion for Summary Judgment (ECF No. 73).

CFL's motion is:

1.    Granted as to Henry's claims alleging violations of California's meal and rest break rules under California Labor Code sections 226.7 and 512, which are hereby dismissed;

2.    Denied as to Henry's claims alleging violations of California wage orders, for which Henry's employment classification will be determined under the Dynamex ABC test, which applies retroactively and is not preempted by the FAAAA;

21

1       3.    Denied as to Henry's claims for reimbursement of lease

2 payments; and

3       4.    Denied as to Henry's remaining claims under the

4 California Labor Code, for which Henry's employment

5 classification will be determined under by the Borello standard,

6 and which are not barred by the dormant Commerce Clause or

7 preempted by federal TIL regulations.

8       Henry's cross-motion is:

9       1.    Denied, without prejudice, except as to his PAGA claim,

10 under the one-way intervention rule; and

11       2.    Denied as to his PAGA claim.

12

13       IT IS SO ORDERED.

14 Dated: June 13, 2019

15

16                          JOHN A. MENDEZ,

                         UNITED STATES DISTRICT JUDGE

17

18

19

20

21

22

23

24

25

26

27

28