UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Ricky Henry,<br><br>    Plaintiff,<br><br>    v.<br><br>Central Freight Lines, Inc.,<br><br>    Defendant. | No. 2:16-cv-00280-JAM-EFB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO STAY ACTION** |

Ricky Henry ("Henry" or "Plaintiff") worked for Central Freight Lines, Inc. ("CFL" or "Defendant") as a truck driver from April 2014 to February 2015. Henry alleges CFL intentionally and illegally misclassified him, and other putative class member-truck drivers, as independent contractors to deny them statutory benefits owed under the California Labor Code. CFL contends that Henry, and the putative class members, were properly classified as independent contractors and therefore not entitled to certain protections and benefits under the California Labor Code.

Since this Court's decision on CFL's Motion for Summary Judgment and Henry's Cross-Motion for Summary Judgment, Order, ECF No. 87, the Ninth Circuit withdrew its prior ruling in Vazquez v. Jan-Pro Franchising Int'l, Inc., 923 F.3d 575 (9th

Cir. 2019), and certified to the California Supreme Court the question of whether the "ABC Test" announced in Dynamex Ops. W. Inc. v. Superior Court, 4 Cal.5th 903 (2018) applies retroactively. See Vazquez v. Jan-Pro Franchising Int'l, Inc., 930 F.3d 1107 (9th Cir. 2019); and Vazquez v. Jan-Pro Franchising Int'l, Inc., 939 F.3d 1045, 1049 (9th Cir. 2019). The California Supreme Court has since decided to rule on the question. See ECF No. 94-1. CFL moves to stay the action pending resolution of this issue. CFL Mot., ECF. No. 91.

For the reasons discussed below, the Court GRANTS Defendant's Motion to Stay the Action.[1]

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

The parties are intimately familiar with the events leading up to this motion, as they were described in depth in this Court's previously issued Order. See Order, ECF No. 87. As such, they will not be repeated here.

II. OPINION

A. Request for Judicial Notice

A court may take judicial notice of a fact "that is not subject to reasonable dispute because it is generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). A

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for November 5, 2019.

court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related findings." Kramer v. Time Warner Inc., 937 F.2d. 767, 774 (2nd Cir. 1991). Likewise, a court may take judicial notice of "adjudicative facts not subject to reasonable dispute." United States v. Chapel, 41 F.3d 1338, 1342 (9th Cir. 1994) (internal quotations and citation omitted).

Defendant requests judicial notice of the following:
1. ECF No. 1 in California Truck Association v. Becerra, No, 3:18-cv-02458-BEN-BLM (S.D. Cal. Oct. 25, 2018).
2. ECF No. 45 in California Truck Association v. Becerra, No, 3:18-cv-02458-BEN-BLM (S.D. Cal. Oct. 25, 2018).
3. Judge Staton's Order staying the action in Bruers v. Flowers Foods, Inc., No. 18-cv-01442-JLS-ADS (C.D. Cal Aug. 7, 2019).

Def.'s RJN at 1, ECF No. 94-1.

Plaintiff requests judicial notice of the following:
1. The full text of Assembly Bill No. 5, signed by Governor Newson on September 18, 2019.

Plf.'s RJN at 1, ECF No. 95-1.

The Court agrees that the adjudicative facts Defendant and Plaintiff identify are proper subjects of judicial notice. Both Defendant's and Plaintiff's requests for judicial notice are, therefore, GRANTED.

B. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes

on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Accordingly, "a] trial court may . . . enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of California, Ltd., 593 F.2d 857, 863 (9th Cir. 1979). The decision whether to stay an action is committed to the "sound discretion" of the district court and is based on weighing "the competing interests which will be affected by the granting or refusal to grant a stay . . . ." CMAX, Inc. v. Hall, 300 F.2d 265, 268 (9th Cir. 1962).

Among these competing interests are: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating issues, proof, and questions of law which could be expected to result from a stay. Id. Finally, "the proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 708 (1997).

C. Analysis

1. Retroactivity of the ABC Test

Ensuring that justice proceeds in an ordered manner is the interest that controls here. The Ninth Circuit recently certified the question of whether Dynamex applies retroactively. The California Supreme Court agreed to answer that question as a matter of state law. That ruling will significantly impact the size of any of the putative classes and impact the criteria this

4

Court must consider when deciding class certification. Waiting for the California Supreme Court's decision will allow this Court to adjudicate the issues before it with far greater certainty. For this reason, a stay is appropriate.

In opposition to Defendant's motion, Plaintiff argues the California Legislature has definitively mandated that the ABC Test is retroactive with the passage of Assembly Bill 5 ("AB-5"). Henry Opp'n, ECF No. 95. The chronology of events cuts against this argument. The Ninth Circuit certified the question to the California Supreme Court after Governor Newson signed AB-5 into law. See Vazquez, 939 F.3d at 1049; and ECF No. 95-1. And both the Ninth Circuit and other district courts have stayed proceedings pending resolution of this issue. See Raef Lawson v. Grubhub, Inc., No. 18-15386, D.C. No. 3:15-cv-05128-JSC (N.D. Cal. 2019); and Bruers v. Flowers Foods, Inc., D.C. No. 18-cv-01442-JLS (C.D. Cal. 2019).

Proceeding with class certification under the assumption the California Supreme Court will apply Dynamex retroactively could very well lead to inefficiencies and a waste of resources for both the parties and the Court. Plaintiff argues a stay would be prejudicial given the costs he has already expended preparing for class certification. Henry Opp'n, ECF No. 95 at 9. But if this Court proceeds with class certification and Dynamex is found not to be retroactive, the parties will have to relitigate the issue—an even more costly venture. Like the Ninth Circuit and district courts before us, this Court declines to take that path.

In sum, with multiple motions pending before this Court, see ECF No. 88; and ECF No. 96, a stay awaiting clarity on Dynamex's

retroactivity would allow for a more orderly disposition of these motions. Thus, Defendant's Motion to Stay the Action to await resolution from the California Supreme Court is GRANTED.

    2. <u>Preemption of the ABC Test by the FAAAA</u>

Defendant also argues this Court should stay this case given an intra-circuit split about whether the Federal Aviation Administration Authorization Act ("FAAAA") preempts the ABC Test. <u>See</u> CFL Mot., ECF. No. 91 at 2-3. This Court has already ruled on this issue. <u>See</u> Order, ECF No. 87 at 15-17. Absent new evidence or an intervening change of controlling law, Defendant's argument is insufficient to disrupt this Court's previous finding. Thus, a stay is not warranted on these grounds.

## III. ORDER

For the reasons set forth above, the Court GRANTS Defendant's Motion to Stay the Action until the California Supreme Court answers the Ninth Circuit's certified question.

IT IS SO ORDERED.

Dated: November 12, 2019

_____
JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE