UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKY HENRY,<br><br>    Plaintiff,<br><br>  v.<br><br>CENTRAL FREIGHT LINES, INC.,<br><br>    Defendant. | No. 2:16-cv-00280-JAM-JDP<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION** |

Ricky Henry ("Plaintiff") worked for Central Freight Lines, Inc. ("Defendant") as a truck driver from April 2014 to February 2015. Plaintiff alleges Defendant intentionally and illegally misclassified him, and other putative class member-truck drivers, as independent contractors to deny them benefits owed under California Wage Orders and the California Labor Code. The Court previously granted in part and denied in part Defendant's motion for summary judgment and denied Plaintiff's cross-motion for summary judgment. See Order, ECF No. 87.

Plaintiff now requests reconsideration of that Order. See Mot. for Recons. ("Mot."), ECF No. 96. Plaintiff asks the Court to hold that the ABC test, set forth in Dynamex Ops. W. Inc. v. Superior Court, 4 Cal.5th 903 (2018), shall apply to Plaintiff's wage order claims and labor code claims. Id. Defendant opposes

the motion.  See Opp'n, ECF No. 102.  Plaintiff filed a reply. See Reply, ECF No. 104.  For the reasons discussed below, the Court DENIES Plaintiff's motion for reconsideration.[1]

## I. BACKGROUND[2]

On June 13, 2019, the Court granted in part and denied in part Defendant's motion for summary judgment and denied Plaintiff's cross-motion for summary judgment.  See Order, ECF No. 87.  The Court found that the ABC test only applies to Plaintiff's claims alleging violations of wage orders.  Order at 21.  Plaintiff's other claims for reimbursement, unlawful deductions, waiting time penalties, wage statement penalties, and violations of the California Private Attorney General Act of 2004 ("PAGA") should be analyzed under the S.G. Borello & Sons, Inc. v. Dep't of Indus. Rel., 48 Cal.3d 341 (1989) standard.  Id. at 22.

On November 13, 2019, the Court granted Defendant's motion to stay the action until the California Supreme Court answered the Ninth Circuit Court of Appeal's certified question regarding the retroactivity of the court's decision in Dynamex.  See Order, ECF No. 105.  The California Supreme Court has since answered the certified question, holding that Dynamex does apply retroactively.  See Vazquez v. Jan-Pro Franchising Int'l, Inc., 10 Cal.5th 944, 948 (2021).  Accordingly, the Court's stay

---

[1] This motion was determined to be suitable for decision without oral argument.  E.D. Cal. L.R. 230(g).  The hearing was scheduled for June 22, 2021.
[2] The facts of the case are set forth in detail in the Court's previous order.  See Order, ECF No. 87.  They will not be reduced into writing again here.

2

expired.  See Notice of Expiration of Stay, ECF No. 107.

On October 21, 2019, the parties stipulated to withdrawing Plaintiff's motion for class certification without prejudice to refile the motion following the Court's rulings on the motion to stay and the instant motion.  See Stip., ECF No. 97.  As a result, Plaintiff's request for leave to withdraw without prejudice and refile the motion for class certification is moot. See Mot. at 12.

Plaintiff's present motion for reconsideration is based upon an October 8, 2019, California Court of Appeals decision in Gonzales v. San Gabriel Transit, Inc., 40 Cal.App.5th 1131, (2019).  Plaintiff argues that, pursuant to Gonzales, the ABC test should apply to all his claims.  See Mot. at 1.  Plaintiff also contends that the Court should reconsider its decision on the motion for summary judgment because of California Assembly Bill 5 ("AB5"), which went into effect on January 1, 2020.  Id. at 1-2.

## II.   OPINION

### A.   Judicial Notice

Plaintiff requests judicial notice of the full text of AB5, signed by Governor Newson on September 18, 2019.  See Pl.'s Req. for Judicial Notice ("RJN"), ECF No. 96-2.  Defendant does not oppose this request.  Defendant requests judicial notice of a letter from the California Employment Law Council, dated October 22, 2019, and filed with the California Court of Appeals, Second Appellate District, requesting depublication of Gonzales.  See Def.'s RJN, ECF No. 102-1.  Plaintiff objects to this request.

1    See Objs. to Def.'s RJN, ECF No. 103.  The letter, filed with
2    the court of appeals, is the proper subject of judicial notice.
3    As is AB5.  The Court need not address Plaintiff's evidentiary
4    objections to the substance of the letter because only its
5    existence is judicially noticed.  The Court does not take
6    judicial notice of any disputed or irrelevant facts within
7    either document.
8         Accordingly, Plaintiff and Defendant's requests for
9    judicial notice are GRANTED.
10        B.   Legal Standard
11        A court may alter, amend, or reconsider its previous
12   judgment pursuant to Federal Rule of Civil Procedure 59(e).  See
13   Fed. R. Civ. P. 59(e); Sch. Dist. No. 1J, Multnomah Cty., Or. v.
14   ACandS, Inc., et al., 5 F.3d 1255, 1263 (9th Cir. 1993).
15   Reconsideration is appropriate if: (1) there is an intervening
16   change in controlling law; (2) the court is presented with newly
17   discovered evidence; or (3) the court committed clear error and
18   its decision was manifestly unjust.  389 Orange St. Partners v.
19   Arnold, 179 F.3d 656, 665 (9th Cir. 1999).
20        C.   Analysis
21        Plaintiff argues the Court should reconsider its prior
22   decision based on an intervening change in controlling law.  See
23   Mot. at 3, 5-6.  Plaintiff contends that Gonzales requires the
24   ABC test "be applied to assess [wage order] violations and []
25   [l]abor [c]ode violations that enforce [w]age [o]rder
26   requirements."  Mot. at 5-6.  Specifically, Plaintiff requests
27   that the ABC test be applied to his claims alleging violations
28   of the following labor code provisions: (1) §§ 1194, 1197, and

1197.1 for failing to pay minimum wage; (2) § 226 for failing to list hours worked on wage statements; (3) § 203 for failing to provide wages when due to terminated employees; and (4) § 2802 for failing to reimburse employees for required fuel expenses. See Mot. at 9. Defendant counters that Gonzales is not controlling law; the relevant language in Gonzales is dicta; and, moreover, California courts of appeal are split on the issue. See Opp'n at 5–8.

In Gonzales, the plaintiff was a driver for a transit company. 40 Cal.App.5th at 1139. The plaintiff sued the transit company for allegedly misclassifying him as an independent contractor and violating various provisions of the labor code and wage orders as a result. Id. In considering whether the trial court improperly denied class certification, the Second District Court of Appeals found that the ABC test applies to labor code claims "which are either rooted in one or more wage orders, or predicated on conduct alleged to have violated a wage order." Id. at 1157. Any other labor code claims should be analyzed using the Borello test. Id. Thus, an argument could be made that the Second District somewhat expanded the applicability of the ABC test beyond strict wage order violations.

However, in Garcia v. Border Transp. Group, LLC, a lawsuit involving a taxicab driver, the Fourth District Court of Appeals found that the ABC test only applied to the plaintiff's wage order claims and the Borello test applied to the plaintiff's other claims. 28 Cal.App.5th 558, 570–71 (2018). In so finding, the Fourth District explained that "Dynamex did not

purport to replace the Borello standard in every instance where a worker must be classified as either and independent contractor or an employee for purposes of enforcing California's labor protections." Id. at 570 (citing Cal. Trucking Assn. v. Su, 903 F.3d 953, 959 n. 4 (9th Cir. 2018)) (internal quotation marks omitted).  "To the contrary, the [California] Supreme Court recognized that different standards could apply to different statutory claims . . . ."  Id.

    Defendant is, therefore, correct that California courts of appeals are split on the applicability of the ABC test beyond strict wage order claims.  Defendant is also correct that Gonzales does not control this Court.  See Opp'n at 5. "Decisions of the six [California] district appellate courts are persuasive but do not bind each other or [the Ninth Circuit]." Muniz v. United Parcel Service, Inc., 738 F.3d 214 (9th Cir. 2013).  As a result, Plaintiff cannot argue reconsideration of the Court's decision is required based upon an intervening change in controlling law.  See 389 Orange St. Partners, 179 F.3d at 665.  The Court "declines to expand the application of the Dynamex ABC test beyond the 'one specific context' endorsed by the California Supreme Court."  Order at 17 (quoting Dynamex, 4 Cal.5th at 913-14); see also Haitayan v. 7-Eleven, Inc., 2021 WL 757024, at *5 (C.D. Cal. 2021) (finding that, in Vazquez, the court also "emphasized that Dynamex applies only to *wage orders*.") (emphasis in original).

    Plaintiff's claims for reimbursement, unlawful deductions, waiting time penalties, wage statement penalties, and violations of PAGA are not grounded in wage orders.  See Haitayan, 2021 WL

757024, at *5 (finding the Borello test applies to plaintiff's § 2802 claim); Thurman v. Bayshore Transit Mgmt., Inc., 203 Cal.App.4th 1112, 1132 (2012) (holding that "PAGA does not create any private right of action to directly enforce a wage order" because "a wage order is not a statute."); First Amended Complaint ("FAC"), ECF No. 1-6 (none of these claims in the FAC allege the violation of a wage order). They are instead based on the labor code and must, therefore, be analyzed using the Borello test. This Court's previous determination stands unless and until a binding court says otherwise.

Plaintiff also argues that the Court should reconsider its order based upon AB5. This argument is without merit. "AB5 is not retroactive and, therefore, applies only to work performed after January 1, 2020, when the statute went into effect." Haitayan, 2021 WL 757024, at *5 (citing Evangelatos v. Superior Court, 44 Cal.3d 1188, 1209 (1988) ("[I]n the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature of the voters must have intended a retroactive application.")). The work at issue here was performed well before January 1, 2020. Thus, AB5 is of no consequence.

In sum, the Court declines to reconsider its decision to apply the ABC test to Plaintiff's wage order claims and the Borello test to all others. See id. ("Because Dynamex applies retroactively, but only to wage orders, and AB5 is not retroactive, the ABC test applies to Plaintiffs' Wage Order claim and the Borello test applies to Plaintiffs' Labor Code

claim.").

D. Sanctions

Plaintiff exceeded the Court's 5-page limit on reply memoranda. See Reply; see also Order re Filing Requirements (Order), ECF No. 2-2. Violations of the Court's standing order require the offending counsel (not the client) to pay $50.00 per page over the page limit to the Clerk of the Court. Order at 1. Moreover, the Court will not consider arguments made past the page limit. Id. In total, Plaintiff's reply memorandum exceeded the Court's page limit by 5 pages. Plaintiff's counsel must therefore send a check payable to the Clerk for the Eastern District of California for $250.00 no later than seven days from the date of this order.

### III.   ORDER

For the reasons set forth above, the Court DENIES Plaintiff's motion for reconsideration of the Court's order granting in part and denying in part Defendant's motion for summary judgment and denying Plaintiff's cross-motion for summary judgment at ECF No. 87.

IT IS SO ORDERED.

Dated: July 27, 2021

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE