UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY HENRY, *et al.*, | Case No. 2:16-cv-00280-DAD-JDP |
| Plaintiffs, | **ORDER** |
| v. | DENYING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT WITHOUT PREJUDICE |
| CENTRAL FREIGHT LINES, Inc., | |
| Defendant. | ECF No. 156 |

In this class action lawsuit brought by truck drivers who worked for defendant Central Freight Lines, Inc., plaintiffs Rickey Henry, Kawaski Corley, Fernando Garcia, Jose de Jesus Moreno, and Michael Waldman allege that defendant committed numerous violations of the California Labor Code by intentionally misclassifying them as independent contractors to withhold wages and other benefits. ECF No. 153. After defense counsel withdrew and defendant failed to obtain replacement counsel, the Clerk of Court entered default. ECF Nos. 132, 143, & 152. Plaintiffs subsequently filed a second amended complaint and then moved for entry of default judgment. ECF Nos. 153 & 156.

Plaintiffs' motion was before the court for hearing on December 1, 2022. Defendant did not appear. I instructed plaintiffs to file further briefing addressing, among other things, whether the second amended complaint had been properly served on defendant. ECF No. 159. Plaintiffs

submitted a brief, ECF No. 160, but it fails to establish adequacy of service. I will deny plaintiffs' motion without prejudice.

**Relevant Procedural History**

In October 2015, plaintiff Henry commenced this lawsuit by filing a class action complaint in state court alleging claims of unfair competition and labor code violations. ECF No. 1-5. Defendant removed the case to federal court and later filed an answer to plaintiff's first amended complaint. ECF Nos. 1 & 46.

On January 31, 2022, after years of litigation, defense counsel moved to withdraw as defendant's attorney, arguing that the attorney-client relationship had broken down as defendant was closing its business and was no longer providing counsel with necessary information or paying its legal fees. ECF No. 130; ECF No. 130-1 at 2. In accordance with Local Rule 182(d), counsel identified defendant's general counsel, James Mahoney, as the "primary contact" for defendant, and provided defendant's current or last known mailing address: 5601 West Waco Drive, Waco, TX 76710.[1] ECF No. 130-2 at 3. Counsel also provided Mr. Mahoney's current or last known email address and phone number. *Id*.

On February 22, 2022, the district judge granted defense counsel's motion and ordered defendant to obtain replacement counsel within forty-five days, noting that defendant, a corporation, was barred from appearing without an attorney.[2] ECF No. 132. Defense counsel sent Mr. Mahoney a copy of the district judge's ruling by email and regular mail. ECF No. 133.

After defendant failed to retain substitute counsel within the allotted time, plaintiff Henry moved to strike defendant's answer and enter default. ECF No. 140. The district judge granted the motion, finding that defendant had failed to secure representation and was prohibited from appearing in court, and instructed the clerk's office to enter default. ECF No. 143. On September

---

[1] Under Local Rule 182(d), an attorney must obtain leave of court pursuant to a noticed motion when seeking to withdraw if the client would be left without representation. Additionally, the attorney "shall provide an affidavit stating the current or last known address or addresses of the client." E.D. Cal. L.R. 182(d).

[2] "It is a longstanding rule that '[c]corporations and other unincorporated associations must appear in court through an attorney.'" *D-Beam Ltd. P'ship v. Roller Derby Skates, Inc.*, 366 F.3d 972, 973-74 (9th Cir. 2004) (citation omitted); *see also* E.D. Cal. L.R. 183(a) ("A corporation or other entity may appear only by an attorney.").

2

1    9, 2022, the Clerk of Court entered default.  ECF No. 152.

2          On September 13, 2022, plaintiffs filed a second amended complaint, which added Mr.

3    Corley, Mr. Garcia, Mr. Moreno, and Mr. Waldman as named plaintiffs.  ECF No. 153.  The

4    certificate of service states that the amended pleading was mailed on September 13, 2022, to the

5    following address: Cogency Global Inc., 1325 J Street Ste 1550, Sacramento, CA 95814.  *Id*. at

6    47.

7          On October 18, 2022, plaintiffs moved for entry of default judgment under Federal Rule

8    of Civil Procedure 55(b), seeking "relief in the form requested in the [second amended

9    complaint], namely entry of judgment for unpaid wages and associated penalties" for each named

10   plaintiff.  ECF No. 156-1 at 10; *see also* ECF No. 156 at 4.  The certificate of service shows that

11   plaintiffs mailed a copy of the motion to Cogency Global.  ECF No. 156-1 at 21.  Defendant did

12   not file an opposition and did not appear at the December 1, 2022 hearing on the motion.  On

13   January 17, 2023, plaintiffs filed a supplemental brief addressing, among other issues, the

14   adequacy of service of the second amended complaint.  ECF No. 160.

15   **Service of Process**

16   As a preliminary matter, the court must consider whether plaintiffs properly served the

17   amended pleading on defendant.

18   Rule 5 of the Federal Rules of Civil Procedure governs service of pleadings filed after the

19   original complaint.  Fed. R. Civ. P. 5(a)(1)(B).  Rule 5(b)(2) lists the various ways service can be

20   made, including by "mailing it to the person's last known address—in which event service is

21   complete upon mailing."  Fed. R. Civ. P. 5(b)(2)(C).  Service is not required, however, if the

22   party to be served "is in default for failing to appear" and the pleading does not assert a new claim

23   for relief against the defaulting party.  Fed. R. Civ. P. 5(a)(2).  But when the default is for failure

24   to appear and the pleading *does* raise a new claim, service must be made pursuant to Rule 4,

25   which governs service of process when an action is commenced.  *Id.*; *see* Fed. R. Civ. P. 4.

26   Plaintiffs' argument that the second amended complaint was properly served is two-fold.

27   First, plaintiffs assert that they completed service by mailing a copy to defendant's registered

28   agent for service of process, Cogency Global, and by filing the amended pleading via the court's

3

electronic filing system. Second, plaintiffs contend that their attempts at service went well beyond what was required, as under Rule 5(a)(2) they "need not have served the amended pleading on the party in default." *See* ECF No. 160 at 5-6.

The undersigned rejects plaintiffs' contention that Rule 5(a)(2) eliminated the need to effect service of process. As discussed above, the function of Rule 5(a)(2) is to excuse service when a party is in default *for failing to appear*. Here, the district judge found that defendant defaulted not for failing to appear, but for failing to secure new counsel following defense counsel's withdrawal. ECF No. 143. The docket further undermines plaintiffs' position, as defendant not only filed an answer to the first amended complaint and but also actively participated in this litigation by attending mediations, conducting discovery, and moving for summary judgment. *See* ECF Nos. 46 & 72. Accordingly, plaintiffs' assertion that Rule 5(a)(2) applies is inapposite. Having appeared, defendant was entitled to receive service of the amended pleading in accordance with Rule 5(b)(2). *See Phillip M. Adams & Assocs., LLC v. Winbond Elecs. Corp.*, 2010 WL 3489400, at *5 (D. Utah Sept. 1, 2010) (noting Rule 5(a)(2)'s service exception not applicable when party appeared before defaulting) (citations omitted); *O'Halloren v. Quarzite Carrara*, 129 F.R.D. 24, 24-25 (D. Mass. 1990) (denying motion to amend complaint for failure to serve because defaulted defendant had appeared and was "entitled to service of pleadings to the same extent as a party not in default"); *see also* 1 James Wm. Moore et al., Moore's Federal Practice—Civil § 5.03 [3] (2023) ("A party who appears and subsequently defaults continues to be entitled to the service of all pleadings and papers under Rule 5. An appearance at any time during the action requires service on that party of all subsequent pleadings and papers regardless of the defaulting party's absence at any or all later stages of the action.") (footnotes omitted).[3]

---

[3] Rule 5 creates "a dichotomy . . . between parties in default for failure to appear and parties in all other type defaults (such as parties who appeared but subsequently defaulted)." 1 James Wm. Moore et al., Moore's Federal Practice—Civil § 5.03 [2] (2023) (footnote omitted). Parties in the former group "are not entitled to be notified of any progress regarding the proceedings concerning them because they have never submitted themselves to the jurisdiction of the court," while parties who appeared and then defaulted "must be informed of such progress because they have submitted themselves to the court's jurisdiction." *Id.* (footnotes omitted).

The court next considers whether plaintiffs' service attempts satisfied Rule 5.  Plaintiffs are correct that under Rule 5(b)(2)(C), service of an amended pleading is complete at the time it is mailed to a party's last known address.  When plaintiffs mailed the second amended complaint on September 13, 2022, however, they did not use defendant's last known address—in Waco, Texas—which defense counsel provided in the motion seeking leave to withdraw.  Instead, the certificate of service states that plaintiffs mailed the amended pleading to Cogency Global at an address in Sacramento.  ECF No. 153 at 47.

A review of defendant's business entity profile and related documentation retrieved from the California Secretary of State's website indicates that Cogency Global was no longer defendant's designated agent for service of process in California at the time the second amended complaint was mailed.  Defendant's status is listed as "Terminated" with an "Inactive Date" of June 24, 2022.[4]  *See* California Secretary of State website, https://bizfileonline.sos.ca.gov/search/business (last visited October 17, 2023).  A Certificate of Surrender, signed by a corporate officer for defendant and filed on June 24, 2022, with the California Secretary of State, states that defendant "surrender[ed] its rights and authority to transact intrastate business in the State of California" and "revok[ed] its designation of agent for service of process in California."  *See* California Secretary of State Certificate of Surrender, filed June 24, 2022, https://bizfileonline.sos.ca.gov/search/business.  The Certificate also states that defendant consented to have the California Secretary of State accept service of process of any legal documents intended for defendant, and references a P.O. Box address in Waco, Texas, as the mailing address where such documents could be forwarded to defendant.  *Id*.  The foregoing information reflects that Cogency Global's authorization to accept service for defendant ceased when defendant's business in California terminated on June 24, 2022.

On this record, plaintiffs have failed to demonstrate that defendant was properly served when the second amended complaint was mailed to Cogency Global in September 2022.  Neither

---

[4] The court takes judicial notice of defendant's entity profile from the California Secretary of State's website.  Fed. R. Evid. 201; *see Gerritsen v. Warner Bros. Entm't, Inc.*, 112 F. Supp. 3d 1011, 1033-34 (C.D. Cal. 2015) (taking judicial notice of business entity profile from the California Secretary of State's website).

5

have plaintiffs shown that they satisfied the service requirement by electronically filing the second amended complaint with the court. The court's notice of electronic filing reflects only that plaintiffs' attorneys were notified by email that the amended pleading was filed. There is no indication that any notification was sent to defendant; indeed, the court's notice instructs that the second amended complaint "must be served conventionally by the filer to: Central Freight Lines, Inc., c/o James Mahoney, General Counsel, 5601 West Waco Drive, Waco, TX 76710." Nothing in the record suggests that plaintiffs followed this directive to effect proper service.

Based on the above, it is hereby ORDERED that plaintiffs' motion for default judgment, ECF No. 156, is denied without prejudice.

IT IS SO ORDERED.

Dated:   December 15, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE