UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY HENRY, *et al.*, | Case No. 2:16-cv-0280-DAD-JDP |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| CENTRAL FREIGHT LINES, Inc., | |
| Defendant. | |

Plaintiffs Rickey Henry, Kawaski Corley, Fernando Garcia, Jose de Jesus Moreno, and Michael Waldman allege that defendant Central Freight Lines, Inc. committed numerous violations of the California Labor Code by intentionally misclassifying them as independent contractors to withhold wages and other benefits. ECF No. 153. Plaintiffs have filed a renewed motion for default judgment. ECF No. 164. I recommend that the motion be granted.

**Background**

In October 2015, plaintiff Henry commenced this putative class action against defendant in the Sacramento County Superior Court. ECF No. 1-5. After Henry filed a first amended complaint, ECF No. 1-6, defendant removed the case to this court and later filed an answer. ECF Nos. 1, 46. ECF No. 1. In the five years following removal, the parties zealously litigated several motions and discovery disputes. However, that ceased on January 31, 2022, when defendant's counsel moved to withdraw, informing the court that the attorney-client relationship

1

had broken down since defendant was closing its business and was no longer either providing counsel with necessary information or paying its fees. ECF No. 130; ECF No. 130-1 at 2. The court granted that motion and ordered defendant to obtain replacement counsel within forty-five days. ECF No. 132. After defendant failed to do so, Henry moved to strike defendant's answer and to enter default. ECF No. 140. The court granted that motion, ECF No. 143, and on September 9, 2022, the Clerk of Court entered default. ECF No. 152.

Henry was subsequently granted leave to amend the complaint, and on September 13, 2022, plaintiffs filed a second amended complaint that added Mr. Corley, Mr. Garcia, Mr. Moreno, and Mr. Waldman as named plaintiffs.[1] ECF No. 153. According to that complaint, defendant is a company that provides transportation services primarily to manufacturing, retail, and distribution enterprises in North America. ECF No. 153 at 3. Plaintiffs are former employees who each worked for defendant for a period of time between October 2003 and July 2017. *Id.* They allege that defendant willfully misclassified them as independent contractors to avoid paying, among other things, payroll taxes and mandatory insurance premiums. *Id.* at 2, 7-8. As a result of the misclassification, defendant failed to: pay plaintiffs for overtime work, provide meal and rest breaks, reimburse business related expenses, contribute to payroll taxes and insurance, and provide complete and accurate wage statements. *Id.* at 8-12.

The second amended complaint alleges causes of action for (1) unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200 *et seq.*; (2) failure to pay minimum wages in violation of Cal. Lab. Code §§ 1194, 1197, and 1197.1; (3) failure to provide accurate itemized Statements in violation of Cal. Lab. Code § 226; (4) failure to provide wages when due in violation of Cal. Lab. Code §§ 201, 202, and 203; (5) failure to reimburse employees for required

---

[1] The second amended complaint is brought on behalf of the named plaintiffs and all other similarly situated current and former employees. ECF No. 153. Because the instant motion only seeks to recover damages on behalf of the individual plaintiffs, the court does not address the complaint's allegations related to the proposed class, which was not certified prior to entry of defendant's default. *See Brooks v. Morphe, LLC*, No. 2:20-cv-1219 KJM DB, 2021 WL 1031973, at *1 (E.D. Cal. Feb. 16, 2021) ("'In cases in which the district courts have entered a default judgment against a defendant and no class has been certified, only named plaintiffs can recover damages.'") (quoting *Cortes v. National Credit Adjusters, L.L.C.*, No. 2:16-cv-0823 MCE EFB, 2017 WL 3284797, at *2 (E.D. Cal. Aug. 2, 2017).

expenses in violation of Cal. Lab. Code § 2802; (6) illegal deductions from wages in violation of Cal. Lab. Code § 221; and (7) violation of the Private Attorneys General Act, Cal. Lab. Code §§ 2698, *et seq*. *Id.* at 26-38.

Defendant failed to respond to the second amended complaint despite being served with a copy in accordance with Rule 5(b)(2)(C).

After defendant failed to respond, plaintiffs moved for entry of default judgment. ECF No. 156. The court denied that motion without prejudice, finding that plaintiffs had failed to properly serve defendant with the second amended complaint at its last known address.[2] ECF No. 162; *see* Fed. R. Civ. P. 5(b)(2)(C). Thereafter, plaintiffs filed a proof of service showing that on December 23, 2023, they mailed a copy of the second amended complaint to defendant at 5601 West Waco Drive, Waco, Texas—defendant's last known address. ECF No. 163. Defendant did not respond, and plaintiffs now renew their motion for default judgment. ECF No. 164.

**Legal Standard**

Under Federal Rule of Civil Procedure 55, default may be entered against a party who fails to plead or otherwise defend against an action. *See* Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002) (citing *Draper v. Coombs*, 792 F.2d 915, 924-25 (9th Cir. 1986)). Rather, the decision to grant or deny a motion for default judgment is discretionary. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In exercising that discretion, the court considers the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning the material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the

---

[2] Plaintiffs purported to serve that complaint on defendant on September 13, 2022, by mailing a copy to the following address: Cogency Global Inc., 1325 J Street Ste 1550, Sacramento, CA 95814. *Id*. at 47. In their motion to withdraw, defendant's former counsel identified defendant's general counsel, James Mahoney, as the "primary contact" for defendant, and provided defendant's current or last known mailing address: 5601 West Waco Drive, Waco, TX 76710. ECF No. 130-2 at 3. Withdrawing counsel also provided Mr. Mahoney's current or last known email address and phone number. *Id*.

Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "In applying this discretionary standard, default judgments are more often granted than denied." *Philip Morris USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 498 (C.D. Cal. 2003) (quoting *PepsiCo, Inc. v. Triunfo-Mex, Inc.*, 189 F.R.D. 431, 432 (C.D. Cal. 1999)).

Generally, once default is entered, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977)). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

**Discussion**

I.  Appropriateness of the Entry of Default Judgment Under the *Eitel* Factors

1.  <u>Factors Two and Three: The Merits of Plaintiffs' Substantive Claims and the Sufficient of the Complaint</u>

The merits of plaintiffs' substantive claims and the sufficiency of the complaint—factors two and three—weigh in favor of default judgment. Each of plaintiffs' seven causes of action are predicated on defendant's alleged misclassification of plaintiffs as independent contractors as opposed to non-exempt employees. California Labor Code Section 226.8 provides that "[i]t is unlawful for any person or employer to engage in . . . [w]illful misclassification of an individual as an independent contractor." Cal. Lab. Code § 226.8(a)(1). Under California law, the most significant factor is the right of the principal to control the manner and means of accomplishing the result desired. *S.G. Borello & Sons, Inc. v. Dept. of Industrial Relations*, 48 Cal. 3d 341, 350-51 (1989); *Dynamex Operations W. v. Superior Court*, 4 Cal. 5th 903, 922 (Cal. 2018).

The second amended complaint includes detailed factual allegations that show that defendant exercised control over the manner and means of accomplishing plaintiffs' work. *See, e.g.*, ECF No 153 ¶ 12(a) (alleging that plaintiffs "were provided with instructions as to how to perform their work and the manner and means in which the work was to be performed . . . ."),

¶ 12(d) (alleging that defendant controlled plaintiffs' load assignments and prohibited them from using their trucks for personal reasons). Accordingly, the second amended complaint sufficiently alleges that plaintiffs were misclassified as independent contractors.

The complaint's allegations are also sufficient to demonstrate that the misclassification resulted in several violations of the California Labor Code. Under California Labor Code section 1194(a), "any employee receiving less than the legal minimum wage . . . is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit." An employer is required to finish to "furnish each of his or her employees . . . an accurate itemized statement in writing showing [among other things] (1) gross wages earned, [and] (2) total hours worked by the employee, [and (3)] net wages earned." Cal. Lab. Code § 226(a). Employers are also required to promptly pay all earned and unpaid wages if an employee resigns or is discharged. Cal. Lab. Code §§ 201, 202, 203. California Labor Code section 2802(a) provides that "[a]n employer shall indemnify his or her employee for all necessary expenditures or losses incurred by the employee in direct consequence of the discharge of his or her duties . . . ." The Labor Code also makes it "unlawful for any employer to collect or receive from an employee any part of wages theretofore paid by said employer to said employee." Violations of these "provisions can an constitute unlawful business practices in violation California's Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq*." *Marquez v. NLP Janitorial, Inc.*, No. 16-cv-06089-BLF, 2019 WL 652866, *3 (N.D. Cal. Feb. 15, 2019).

Plaintiffs allege that by not properly classifying them as non-exempt employees, defendant failed to pay them for time performing non-driving tasks, including waiting for defendant's loads to be ready for transport. ECF No. at 11. Defendant also allegedly deducted from plaintiffs' wages the cost of "materials, services, government licenses, repairs, [and] equipment maintenance," *id.* at 2, and failed to reimburse business-related expenses and to contribute to plaintiffs' payroll taxes and mandatory insurance premiums, *id.* at 2, 7-8. As a result, defendant failed to provide plaintiffs with accurate wage statements. These allegations are sufficient to support plaintiffs' claims for violation of the California Labor Code and California's

5

1  Unfair Competition Law.  The allegations are also sufficient to state a claim under the California
2  Private Attorney General Act of 2004, Cal. Labor Code §§ 2699 *et seq.* ("PAGA"), which "allows
3  employees to stand in the shoes of [California's Labor and Workforce Development Agency] and
4  recover civil penalties for labor code violations on behalf of himself or herself and other current
5  or former employees."  *Culley v. Lincare Inc.*, 236 F. Supp. 3d 1184, 1191 (E.D. Cal. 2017).
6  Accordingly, the second and third *Eitel* factors weigh in favor of granting plaintiffs' motion.
7            2.   Remaining *Eitel* Factors
8       The remaining *Eitel* factors also weigh in favor of default judgment.  Plaintiffs would be
9  prejudiced if the court did not enter default judgment.  After litigating this action for nearly seven
10 years, defendant has refused to further participate in this action, and plaintiffs would be unable to
11 obtain remedies for defendant's alleged misconduct absent entry of default judgment.
12 Defendant's default was not due to excusable neglect, given its prior participation.  Moreover, the
13 amount of money at stake is not excessive, considering the seriousness of defendant's alleged
14 misconduct, *see PepsiCo, Inc.*, 238 F. Supp. 2d at 1177, and, accepting plaintiffs' allegations as
15 true, there is little possibility of a dispute concerning material facts, *see Elektra Entm't Grp. Inc.*
16 *v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005).  Finally, although decisions on the merits are
17 favored, such a decision is impossible where the defendant declines to take part in the action.  *See*
18 *Penpower Tech. Ltd. v. S.P.C. Tech.*, 627 F. Supp. 2d 1083, 1093 (N.D. Cal. 2008).  Accordingly,
19 plaintiffs are entitled to default judgment on their claims.
20 II.     Requested Relief
21       A party's default conclusively establishes that party's liability, although it does not
22 establish the amount of damages.  *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.
23 1977) (stating that although a default established liability, it did not establish the extent of the
24 damages).  When plaintiffs seek money damages, they are required to "prove-up" their damages
25 by submitting admissible evidence that supports their damage calculation.  *Amini Innovation*
26 *Corp. v. KTY Int'l Mktg.*, 768 F. Supp. 2d 1049, 1053-54 (C.D. Cal. 2011); *see also Rodriguez v.*
27 *Wallia*, No. C-11-03854 EDL, 2012 WL 1831579, *1 (N.D. Cal. Apr.18, 2012) ("Rule 55(b)(2)
28 allows, but does not require, the court to conduct a hearing on damages, as long as it ensures that

1  there is an evidentiary basis for the damages awarded in the default judgment.").

2  Where an employer fails to maintain payroll records properly, California courts shift the burden of calculating the number of uncompensated hours to the employer, reasoning that "applying the normal burden of proof in such circumstances would unfairly penalize an employee for the employer's failure to keep proper records and would allow the employer to keep the benefits of the employee's labors without paying full compensation." *Amaral v. Cintas Corp. No. 2*, 163 Cal. App. 4th 1157, 1189 (2008). If the employer fails to produce such evidence, the "court 'may then award damages to the employee, even though the result be only approximate.'" *McLaughlin v. Seto*, 850 F.2d 586, 589 (9th Cir. 1988) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 688 (1946)).

Plaintiffs have submitted declarations that detail the duration of their employment with defendant, the manner in which they were compensated (i.e., paid a flat rate per mile), the tasks they were required to perform for no compensation, deductions that were made to their wages, and expenses that they were required to incur. *See* ECF Nos. 164-5, 164-6, 164-7, 164-8, 164-9. They have also submitted a declaration from Eric Lietzow, a Certified Public Accountant retained to provide a calculation of their damages. Mr. Lietzow states that, based on his review of plaintiffs' available employment and mileage records, he estimates that each plaintiff's damages are as follows: $12,051.31 for Corley; $1,003,814.92 for Garcia; $24,347.60 for Henry; $31,169.47 for Moreno; and $222,809.83 for Waldman. These estimates include damages for unpaid wages and unlawful deductions, as well as statutory and civil penalties.

Given that this evidence is unrefuted, the court finds it sufficient to establish plaintiffs' damages.

III.   Attorney's Fees and Costs

Plaintiffs also seek $555,615.00 in attorneys' fees, plus an additional $94,090.03 in costs. ECF No. 164-1 at 15. The requested attorneys' fees are based on 993 hours work performed by several attorneys and paralegals at hourly rates ranging from $695 to $950 for work performed by partners, $475 to $750 for work performed by associates, and $175 to $275 for work performed by paralegals, from 2015 to present. ECF No. 164-2 at 5.

1         To determine the reasonableness of attorney's fees, courts use the lodestar method. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Fischer v. SJB-P.D. Inc.*, 2124 F.3d 1115, 1119 (9th Cir. 2000). Under that method, "a district court must start by determining how many hours were reasonably expended on the litigation, and then multiply those hours by the prevailing local rate for an attorney of the skill required to perform the litigation." *Id*. "The Supreme Court has consistently held that reasonable fees 'are to be calculated according to the prevailing market rates in the relevant community," *Van Skike v. Dir. Off. Of Workers' Comp. Programs*, 557 F.3d 1041, 1046 (9th Cir. 2009), and not "by reference to rates actually charged by the prevailing party," *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986). The party seeking fees has the burden "to produce satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

        Plaintiffs' counsel contends that the hourly rates sought "are in line with the prevailing rates of attorneys in the local legal community for similar work and, if this were a commercial matter, these are the charges that would be made and presented to the client." ECF No. 164-2. Counsel, however, produces no evidence or authority showing that the hourly rates sought are in line with rates in the Eastern District of California for work of similar complexity by attorneys with comparable experience. Instead, plaintiffs rely on decisions from the Central and Southern Districts of California. Moreover, plaintiff's counsel specifically states the "law firm's hourly rates are based upon the Laffey Matrix with the appropriate 2% increase adjustment for Southern California." ECF No. 164-2 at 5. This certainly suggests that the billed rates are linked to the firm's location rather than to prevailing rates in this district. *See, e.g.*, *Mostajo v. Nationwide Mut. Ins. Co.*, No. 2:17-CV-00350-DAD-AC, 2023 WL 2918657, at *11 (E.D. Cal. Apr. 12, 2023) (approving requested rates of $650 to $750 for attorneys with over thirty years of experience, $200 for paralegals and law clerks, and $375 to a third-year attorney in the Eastern District of California); *AT&T Mobility LLC v. Yeager*, No. 2:13-cv-00007-KJM-DB, 2018 WL 1567819, *3 (E.D. Cal. Mar. 30, 2018) ("Even in complex class-action lawsuits, local courts

1    consider $600 a high hourly rate.").

2    Thus, the court finds that plaintiffs have failed to satisfy their burden of demonstrating
3    that the requested fees are reasonable. *See Jordan v. Multnomah Cnty*, 815 F.2d 1258, 1263 (9th
4    Cir. 1987) ("The fee applicant has the burden of producing satisfactory evidence, in addition to
5    the affidavits of its counsel, that the requested rates are in line with those prevailing in the
6    community for similar services of lawyers of reasonably comparable skill and reputation.").
7    Given this deficiency, plaintiff's request for attorney's fees and costs should be denied without
8    prejudice to renewal upon an appropriate motion filed in compliance with Local Rules 292 and
9    293. *See BP West Coast Products LLC v. Crossroad Petroleum, Inc.*, 2015 WL 13765371 (S.D.
10   Cal. Aug. 27, 2015) (denying without prejudice motion for attorney's fees where plaintiff failed
11   to "meet its burden of producing sufficient evidence showing that the requested hourly rates are
12   reasonable rates in the Southern District of California for work of similar complexity by attorneys
13   with comparable skill and reputation").

14   Accordingly, it is hereby RECOMMENDED that:

15   1. Plaintiffs' renewed motion for default judgment, ECF No. 164, be GRANTED in part
16   and DENIED in part.

17   2. Plaintiff Corley be awarded $12,051.31 in damages and penalties.

18   3. Plaintiff Garcia be awarded $1,003,814.92 in damages and penalties.

19   4. Plaintiff Henry be awarded $24,347.60 in damages and penalties.

20   5. Plaintiff Moreno be awarded $31,169.47 in damages and penalties.

21   6. Plaintiff Waldman $222,809.83 in damages and penalties.

22   7. Plaintiffs request for costs and attorney's fees be denied without prejudice to renewal
23   upon a timely motion filed in compliance with Local Rule 292 and 293.

24   These findings and recommendations are submitted to the United States District Judge
25   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of
26   service of these findings and recommendations, any party may file written objections with the
27   court and serve a copy on all parties. Any such document should be captioned "Objections to
28   Magistrate Judge's Findings and Recommendations," and any response shall be served and filed

9

within fourteen days of service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   March 14, 2025

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE