UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY HENRY, et al., | No.  2:16-cv-00280-DAD-JDP |
| Plaintiffs, | |
| v. | ORDER GRANTING IN PART PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS |
| CENTRAL FREIGHT LINES, INC., | |
| Defendant. | (Doc. No. 168) |

This matter is before the court on plaintiffs' unopposed motion for attorneys' fees.  (Doc. No. 168.)  On April 29, 2025, the motion was taken under submission pursuant to Local Rule 230(g).  (Doc. No. 169.)  For the reasons explained below, the court will grant plaintiffs' motion in part.

## BACKGROUND[1]

On October 20, 2015, plaintiff Rickey Henry ("plaintiff Henry") filed a complaint initiating this wage and hour class action on behalf of himself and a putative class of similarly situated individuals in the Sacramento County Superior Court.  (Doc. No. 1-5 at 4.)  Defendant removed this action to federal court on February 11, 2016.  (Doc. No. 1.)  This case has involved

[1]  The parties are familiar with the procedural history of this now 10-year-old case.  Accordingly, the court will not recount that history in detail in this order.

1

extensive pre-trial litigation spanning from 2015 to 2022, including: (1) a motion to remand (Doc. No. 20); (2) a motion to change venue (Doc. No. 22); (3) an appeal before the Ninth Circuit Court of Appeals (Doc. No. 38); (4) cross motions for summary judgment (Doc. Nos. 72, 73); and (5) a motion for class certification. (Doc. No. 112.)

On February 22, 2022, United States District Judge John Mendez granted defense counsel's unopposed motion to withdraw as counsel of record for defendant. (Doc. No. 132.) In granting that motion, the court directed defendant to identify replacement counsel within 45 days from the date of entry of that order in accordance with Local Rule 183(a)'s prohibition against corporations and other entities appearing without counsel. (*Id.*) On April 11, 2022, plaintiff Henry filed a statement of non-compliance to alert the court of defendant's failure to obtain substitute counsel within the 45-day deadline set by the court. (Doc. No. 134.) On August 25, 2022, this matter was reassigned to the undersigned. (Doc. No. 145.) On September 9, 2022, the Clerk of the Court entered default against defendant. (Doc. No. 152.)

On September 13, 2022, plaintiffs filed a second amended complaint ("SAC"). (Doc. No. 153.) In the SAC, plaintiff Henry added Kawaski Corley, Fernando Garcia, Jose de Jesus Moreno, and Michael Waldman as plaintiffs in this action and asserted the following seven causes of action: (1) unlawful, unfair, and deceptive business practices in violation of California Business and Professions Code §§ 17200 *et seq.* ("UCL"); (2) failure to pay minimum wages in violation of California Labor Code §§ 1194, 1197, 1197.1; (3) failure to furnish accurate and itemized wage statements in violation of California Labor Code § 226; (4) failure to pay timely wages in violation of California Labor Code §§ 201, 202, 203; (5) failure to reimburse necessary business expenses in violation of California Labor Code § 2802; (6) unlawful wage deductions in violation of California Labor Code § 221; and (7) violation of the Private Attorneys General Act under California Labor Code §§ 2698 *et seq.* ("PAGA"). (*Id.* at ¶ 48–99.)[2]

On April 10, 2024, plaintiffs filed a renewed motion for entry of default judgment and attorneys' fees. (Doc. No. 164.) On March 14, 2025, the assigned magistrate judge issued

---

[2] All statutory references and citations are to California law unless indicated otherwise.

findings and recommendations on the renewed motion in which the magistrate judge recommended granting the motion for default judgment on all seven of plaintiffs' claims and denying plaintiffs' motion for attorneys' fees. (Doc. No. 166.)  On March 31, 2025, the undersigned fully adopted the magistrate judge's findings and recommendations. (Doc. No. 167.) In so ruling, the court awarded:  (1) plaintiff Corley $12,051.31 in damages and penalties; (2) plaintiff Garcia $1,003,814.92 in damages and penalties; (3) plaintiff Henry $24,347.60 in damages and penalties; (4) plaintiff Moreno $31,169.47 in damages and penalties; and (5) plaintiff Waldman $222,809.83 in damages and penalties.  (*Id.* at 2.)  In the same order, the court denied plaintiffs' request for attorneys' fees and costs without prejudice and allowed plaintiffs to file a renewed motion for attorneys' fees and costs within 30 days of the issuance of that order. (*Id.*)  On April 9, 2025, plaintiffs timely filed a renewed motion for attorneys' fees and costs which is now pending before the court.  (Doc. No. 168.)

**LEGAL STANDARD**

"Rule 54 provides a federal procedural mechanism for moving for attorney's fees that are due under state law." *Linde, LLC v. Valley Protein, LLC*, No. 1:16-cv-00527-DAD-EPG, 2019 WL 4879206, at *1 (E.D. Cal. Oct. 3, 2019) (internal quotation marks omitted) (quoting *Cheffins v. Stewart*, 825 F.3d 588, 597 (9th Cir. 2016)).  "In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney[s'] fees . . . ." *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007).  "California follows what is commonly referred to as the American rule, which provides that each party to a lawsuit must ordinarily pay his own attorney fees." *Trope v. Katz*, 11 Cal. 4th 274, 278 (1995) (citing cases).  However, California also allows for recovery of attorneys' fees and costs "when 'expressly authorized by statute or contract.'" *Sunbelt Rentals, Inc. v. Three Bros. Elec. Contractors, Inc.*, No. 1:21-cv-01357-JLT-SKO, 2023 WL 5103739, at *2 (E.D. Cal. Aug. 9, 2023) (quoting *Real Prop. Servs. Corp. v. City of Pasadena*, 25 Cal. App. 4th 375, 379 (1994)).

The California Labor Code contains several provisions that provide a statutory basis for recovery of attorneys' fees and costs, including, most pertinent here:  (1) § 226(e)(1) ("An employee suffering injury as a result of a knowing and intentional failure by an employer to

3

'furnish accurate wage statements' is entitled to . . . an award of costs and reasonable attorney's fees."); (2) § 1194(a) ("[A]ny employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover . . . reasonable attorney's fees, and costs of suit."); and (3) § 2699(d)(1) (providing attorneys' fees for plaintiffs who prevail on PAGA claims).  Plaintiffs seeking attorneys' fees under Labor Code §§ 226, 1194, and 2699 are only entitled to a reasonable fee.  *See Harrington v. Payroll Enter. Servs., Inc.*, 160 Cal. App. 4th 589, 593–94 (2008).  Section 1021.5 of the California Code of Civil Procedure requires a party seeking attorneys' fees under that statute to satisfy three requirements:

> Upon motion, a court may award attorneys' fees to a successful party against one or more opposing parties in any action which has resulted in the enforcement of an important right affecting the public interest if:  (a) a significant benefit, whether pecuniary or nonpecuniary, has been conferred on the general public or a large class of persons, (b) the necessity and financial burden of private enforcement, or of enforcement by one public entity against another public entity, are such as to make the award appropriate, and (c) such fees should not in the interest of justice be paid out of the recovery, if any.

"When state law authorizes a party to recover fees, a federal court applies state law to calculate the amount of those fees."  *Marshall v. Boeing Co.*, No. 16-cv-08630-DMG-MRW, 2019 WL 4391111, at *1 (C.D. Cal. June 10, 2019) (citing *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995)).  "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate."  *PLCM Grp. v. Drexler*, 22 Cal. 4th 1084, 1095 (2000); *see also Molina v. Pacer Cartage, Inc.*, 47 F. Supp. 3d 1061, 1065 (S.D. Cal. 2014) ("For claims arising from a violation of the Labor Code, California provides for an award of attorney's fees based on the lodestar method[.]"); *Quevedo v. New Albertsons, Inc*, No. 13-cv-01160-JLS-JPR, 2015 WL 10939716, at *6 (C.D. Cal. May 27, 2015) ("In awarding attorneys' fees under the California Labor Code, the Court begins with the lodestar figure, which is based on the 'careful compilation of the time spent and reasonable hourly compensation of each attorney . . . involved in the presentation of the case.'").

The court "should exclude from this initial fee calculation hours that were not 'reasonably expended'" because they were "excessive, redundant, or otherwise unnecessary."  *Hensley v.*

4

*Eckerhart*, 461 U.S. 424, 434 (1983). "In addition to setting the number of hours, the court must also determine a reasonable hourly rate, 'considering the experience, skill, and reputation of the attorney requesting fees.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986) ("In determining a reasonable hourly rate, the district court should be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation.")). "Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008).

"There is a strong presumption that the lodestar figure represents a reasonable fee." *Morales v. City of San Rafael*, 96 F.3d 359, 364 (9th Cir. 1996). "[I]n rare cases, a district court may make upward or downward adjustments to the presumptively reasonable lodestar on the basis of those factors set out in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69–70 (9th Cir. 1975), that have not been subsumed in the lodestar calculation." *Camacho*, 523 F.3d at 982 (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1402 (9th Cir. 1992)). Those relevant factors include: "preclusion of other employment by the attorney due to acceptance of the case; time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the 'undesirability' of the case; the nature and length of the professional relationship with the client; and awards in similar cases." *Camacho*, 523 F.3d at 982 n.1.

## DISCUSSION

In the pending unopposed motion, plaintiffs claim that they are entitled to recover attorneys' fees pursuant to Labor Code §§ 226, 1194, 2699 and § 1021.5 of the Code of Civil Procedure. (Doc. No. 168 at 6.) They seek to recover: (1) $414,250.00 in attorneys' fees; and (2) $94,090.03 in costs for a total recovery of $508,340.03. (*Id.*) In calculating their attorneys' fees, plaintiffs employ the lodestar method and do not request a multiplier. (*Id.*; Doc. No. 168-1 at 4.) In support of their motion, plaintiffs have submitted a declaration from their counsel, Kyle Nordrehaug ("attorney Nordrehaug"), a list of all the attorneys who worked on this case, and itemized billing records of the tasks that the firm completed in litigating this matter from 2015 to

2025.  (Doc. No. 168-1 at 1–7, 9–11, 25–93.)  A review of plaintiffs' supporting documents reveals following breakdown of work completed in this matter:[3]

| Attorney | Position | Bar Admission | Hourly Rate | Hours Expended | Total Requested |
|---|---|---|---|---|---|
| Norman B. Blumenthal | Partner | Illinois 1973; California 1976 | $700 | 58.5 | $40,950.00 |
| Kyle R. Nordrehaug | Partner | California 1999 | $600 | 64.6 | $38,760.00 |
| Aparajit Bhowmik | Partner | California 2006 | $500 | 99.5 | $49,750.00 |
| Nicholas J. De Blouw | Partner | California 2011 | $400 | 22.2 | $8,880.00 |
| Piya Mukherjee | Associate | California 2010 | $400 | 51.2 | $20,480.00 |
| Victoria Rivapalacio | Associate | California 2011 | $400 | 109.4 | $43,760.00 |
| Ricardo Ehmann | Associate | Nevada 2004; California 2018 | $400 | 17.8 | $7,120.00 |
| Jeffrey S. Herman | Associate | California 2011; Arizona 2016 | $400 | 260.7 | $104,280.00 |
| Charlotte James | Associate | California 2016 | $350 | 7 | $2,450.00 |
| Christine LeVu | Associate | California 2012 | $400 | 82.5 | $33,000.00 |
| Andrew Ronan | Associate | California 2016 | $350 | 138 | $48,300.00 |
| Sergio Julian Puche, | Associate | California 2013 | $350 | 5.6 | $1,960.00 |
| Adolfo Sanchez Contreras | Associate | California 2024 | $200 | 1.2 | $160.00 |
| Yesenia Silva | Paralegal | N/A | $200 | 1.9 | $380.00 |
| Gerardo Galaviz | Paralegal | N/A | $200 | 1.2 | $240.00 |

[3]  Plaintiffs do not state the job titles for Yesenia Silva, Gerardo Galaviz, Karla Horne, and Fredrick Goldman, but the court infers that these individuals are paralegals based upon the tasks they were assigned and their billing rates.  (Doc. No. 168-1 at 81, 93.)  (*Id.* at 91–94) (Ms. Silva billing for activities including reviewing local rules, contacting chambers to secure a hearing date on a motion, revising formatting of motion, finalizing motion for filing, and filing motion on ECF); (*id.* at 92) (Mr. Galaviz reviewing docket, corresponding with court, and updating case file); (*id.* at 57) (Ms. Horne billing for proof reading and revising class certification motion, drafting table of contents and table of authorities); (*id.* at 28–30, 41–45, 47, 50, 53) (Mr. Goldman corresponding with clients, and preparing and revising client declarations); *see Smith & Wesson Brands, Inc. v. SW N. Am., Inc.*, No. 2:22-cv-01773-JCM-EJY, 2023 WL 7279950, *3 (D. Nev. Nov. 3, 2023) (reviewing and formatting motions for filing are tasks typically completed by paralegals); *Love v. Medina*, No. 18-cv-00974-DSF-SP, 2021 WL 12307287, at *3 n.1 (C.D. Cal. Sept. 13, 2021) (reviewing dockets is paralegal work); *D.M. v. Cnty. of Merced*, No. 1:20-cv-00409-JLT-SAB, 2022 WL 4792420, at *5 n.5 (E.D. Cal. Oct. 3, 2022) (document review, case management, calendaring-related communications, scheduling matters, and correspondence over upcoming dates are generally paralegal tasks); *Bell v. Williams*, No. 18-cv-01245-SI, 2023 WL 4850761, at *4 (N.D. Cal. July 28, 2023) (client communications, preparing discovery documents, and filing on ECF are paralegal tasks).

| Karla Horne | Paralegal | N/A | $200 | 4.20 | $840.00 |
| Fredrick J. Goldman | Paralegal | N/A | $200 | 64.7 | $12,940 |
| **Total** | | | | 990.2 | $414,250.00 |

(Doc. No. 168-1 at 9–11, 25–81, 88–93.)[4]

## A.     Entitlement to Attorneys' Fees

"To the extent a party may recover attorney fees for wage claims, they may do so only when they are the prevailing party." *Chavez v. Cal. Collision, LLC*, 107 Cal. App. 5th 298, 311 (2024). Attorneys' fees are recoverable under Labor Code §§ 226, 1194, and 2699 as a matter of right. *See Harrington*, 160 Cal. App. 4th at 593–94; *see also Attempa v. Pedrazzani*, 27 Cal. App. 5th 809, 829 (2018). Because plaintiffs obtained a default judgment against defendant and were awarded damages on all of their claims (*see* Doc. Nos. 166 at 4–6; 167 at 2), they are the prevailing party and are therefore entitled to recover reasonable attorneys' fees under Labor Code §§ 226, 1194, and 2699. *Valenzuela v. Best-Line Shades, Inc.*, No. 19-cv-07293-JSC, 2024 WL 3331648, at *4–5 (N.D. Cal. July 8, 2024) (granting the plaintiff's motion for default judgment and awarding attorneys' fees under Labor Code §§ 226(e), 1194(a), and 2699); *see also Wells Fargo Bank v. Darmont Constr. Corp.*, No. 2:20-cv-10013-VAP-PD, 2021 WL 5862170, at *5 (C.D. Cal. July 29, 2021) ("Because the Court finds a grant of default judgment for Plaintiff to be

/////

/////

/////

/////

/////

/////

/////

/////

---

[4] Included in the list of attorneys who worked on this matter are Scott Blumenthal and Trevor Moran. (*Id.* at 11.) However, a review of the billing records that plaintiffs have submitted in support of their motion reveals no entries from either of these individuals from 2015 to 2025. (Doc. No. 168-1 at 25–93.) All of the attorneys listed in the table above are of the same law firm presently named Blumenthal Nordrehaug Bhowmik De Blouw LLP.

appropriate in this matter, Plaintiff is thus entitled to reasonable attorneys' fees under both the contract and California Law.").[5]

**B.      Apportionment**

As noted, default judgment was entered in plaintiffs' favor on all seven of their claims. (Doc. Nos. 166, 167.)  However, plaintiffs' UCL claim and Labor Code § 221 claim for unlawful wage deductions do not provide a statutory basis for recovery of attorneys' fees and costs. Therefore, the court must determine whether the fees must be apportioned.[6]

---

[5]  However, the court cannot conclude that Code of Civil Procedure § 1021.5 also provides a basis of recovery of attorneys' fees.  Establishing a right to recover attorneys' fees under § 1021.5 requires satisfying three prerequisites:  (1) "plaintiffs' action has resulted in the enforcement of an important right affecting the public interest," (2) "a significant benefit, whether pecuniary or nonpecuniary has been conferred on the general public or a large class of persons," and (3) "the necessity and financial burden of private enforcement are such as to make the award appropriate." *Summit Media LLC v. City of Los Angeles*, 240 Cal. App. 4th 171, 187 (2015) (alteration in original) (footnote omitted) (internal quotation marks and citation omitted).  "The moving party bears '[t]he burden [of] establish[ing] each prerequisite to an award of attorney fees under section 1021.5 [].'" *Bui v. Nguyen*, 230 Cal. App. 4th 1357, 1365 (2014) (alteration in original) (citation omitted).  Here, plaintiffs advance no argument to establish that they have met the requisite showing of entitlement to attorneys' fees under § 1021.5. *Cf. Nikmanesh v. Wal-Mart Stores, Inc.*, No. 15-cv-00202-JGB-JCG, 2022 WL 1837515, at *16 (C.D. Cal. Feb. 25, 2022) (declining to award attorneys' fees under § 1021.5 where plaintiff made a conclusory, single sentence statement about her entitlement to attorneys' fees under this statute).

[6]  Under § 218.5 of the Labor Code, plaintiffs are statutorily entitled to attorneys' fees for their final payment of wages claim under §§ 201, 202, and 203 because they demanded attorneys' fees under § 218.5 in the prayer for relief.  *See* (Doc. Nos. 1-5 at 41; 153 at 40);  Cal. Labor Code § 218.5(a) ("[i]n any action brought for the nonpayment of wages, fringe benefits, or health and welfare or pension fund contributions, the court shall award reasonable attorney's fees and costs to the prevailing party if any party to the action requests attorney's fees and costs upon the initiation of the action."); *Betancourt v. OS Rest. Servs., LLC*, 83 Cal. App. 5th 132, 140 (2022) ("Here, plaintiff's complaint sought . . . waiting time penalties under sections 201 through 203 for failure to pay all wages on termination.  These were claims for nonpayment of wages.  Under section 218.5, the court must award the prevailing party reasonable attorney fees and costs '[i]n any action brought for the nonpayment of wages,' if any party requested fees and costs at the beginning of the action as plaintiff did.") (alteration in original) (internal citations omitted). Labor Code § 2802 also provides attorneys' fees for plaintiffs who prevail on an expense reimbursement claim, and plaintiffs demanded attorneys' fees under that provision in their complaint (*see* Doc. Nos. 1-5 at 41; 153 at 40).  Cal. Labor Code § 2802(c); *Anderson v. Equinox Holdings, Inc.*, No. 2:18-cv-03759-SVW-RAO, 2019 WL 2902702, at *1–2 (C.D. Cal. Mar. 19, 2019) (awarding attorneys' fees under § 2802 for a similar expense reimbursement claim), *aff'd*, 813 F. App'x 308 (9th Cir. 2020).  Thus, apportionment need not be considered as to these claims.

8

"Where a plaintiff has alleged multiple causes of action and is statutorily entitled to fees with respect to only one or fewer than all of the claims, the trial court can apportion the attorney fees." *Cruz v. Fusion Buffet, Inc*, 57 Cal. App. 5th 221, 235 (2020) (citation omitted).  The decision to apportion fees is within the "sound discretion" of the trial court. *Calvo Fisher & Jacob LLP v. Lujan*, 234 Cal. App. 4th 608, 628 (2015).  "Apportionment is not required when the claims for relief are so intertwined that it would be impracticable, if not impossible, to separate the attorney's time into compensable and noncompensable units." *Bell v. Vista Unified Sch. Dist.*, 82 Cal. App. 4th 672, 687 (2000).

"The unfair competition law does not provide for attorney fees, and relief is generally limited to injunctive relief and restitution." *Walker v. Countrywide Home Loans, Inc.*, 98 Cal. App. 4th 1158, 1179 (2002) (citing *Cel-Tech Commc'ns Inc. v. L.A. Cellular Tel. Co.*, 20 Cal.4th 163, 179 (1999)).  Nonetheless, apportionment is unnecessary here because plaintiffs' allegations under their UCL claim are predicated on their allegations that defendant violated the Labor Code. (Doc. No. 153 at ¶¶ 51, 54) (alleging that defendant's violation of Labor Code §§ 226 and 1194 constitute violations of the UCL).  *Pelligrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 289 (2010) ("Here, the factual and legal issues surrounding RHI's liability for violation of unfair competition and for plaintiffs' wage and hour claims could not be more interrelated—in order for plaintiffs to prove unfair competition, they had to prove RHI violated the wage and hour claims upon which the unfair competition claims were based.").

Plaintiffs alleged that defendant's unlawful pay deductions ultimately resulted in the failure "to pay these employees all wages due at each applicable pay period or upon termination." (Doc. No. 153 at ¶ 96.)  Therefore, their claim for unlawful deductions from their pay under Labor Code § 221 is "so interrelated" with their claim for final wages. *See Akins v. Ent. Rent-A-Car Co. of S.F.*, 79 Cal. App. 4th 1127, 1133 (2000) (noting that attorneys' "fees need not be apportioned when incurred for representation of an issue common to both a cause of action for which fees are permitted and one for which they are not.  All expenses incurred on the common issues qualify for an award.").  Accordingly, apportionment is unnecessary here.

/////

9

**C.      Attorneys' Fees Requested**

To determine whether the attorneys' fees sought are reasonable, the court will first analyze the reasonableness of the number of hours that plaintiffs' counsel expended in litigating this action, then assess the reasonableness of the hourly rates that counsel billed at in this action.

1.      Number of Hours Reasonably Expended

"[A]n attorney fee award should ordinarily include compensation for all the hours reasonably spent, including those relating solely to the fee." *Ketchum*, 24 Cal.4th at 1133 (emphasis omitted) (citing *Serrano v. Unruh*, 32 Cal. 3d 621, 624, 639 (1982)). In determining whether the number of hours spent on a matter are reasonable, "the court must carefully review attorney documentation of hours expended to avoid padding[.]" *Cash v. County of Los Angeles*, 111 Cal. App. 5th 741, 747 (2025) (internal quotation marks and citation omitted). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Kerkeles v. City of San Jose*, 243 Cal. App. 4th 88, 101 (2015) (internal quotation marks and citation omitted). "[I]nefficient or duplicative effort[] is not subject to compensation." *Ketchum*, 24 Cal.4th at 1132. "[C]ontemporaneous time records are the best evidence of lawyers' hourly work. They are not indispensable, but they eclipse other proofs." *Taylor v. County of Los Angeles*, 50 Cal. App. 5th 205, 207 (2020). However, "detailed time sheets are not required of class counsel to support fee awards in class action cases." *Chavez v. Netflix, Inc.*, 162 Cal. App. 4th 43, 64 (2008) (citation omitted).

In his declaration, attorney Nordrehaug states that his law firm "expended more than 989.8 hours" litigating this action from 2015 to the filing of the present iteration of the motion for attorneys' fees and costs. (Doc. No. 168-1 at 5.) Plaintiffs do not provide a breakdown of the number of hours expended by each attorney and staff member in this case. Therefore, the court has conducted an independent review of the billing records submitted in support of the motion to ascertain that information. *See infra* at 6. By the court's calculation, counsel and support staff represent that they expended a total of 990.2 hours toward this case. *Id.*

10

Since this action was initiated in 2015, counsel have engaged in extensive pre-trial litigation including filing multiple motions to remand (Doc. No. 168-1 at 26–27, 29–31); preparing and appearing for multiple mediations (*id.* at 27–28, 34–35, 51–52); opposing a motion to transfer venue (*id.* at 28–30); arguing an appeal of the order remanding this matter to state court (*id.* at 31–32); opposing and filing a motion for summary judgment (*id.* at 42–51); filing and defending a motion for class certification (*id.* at 45, 51–52, 54–60, 62, 64–74, 76–79); and filing a motion for default judgment (*id.* at 88–92.)  Given the extensive and protracted litigation that has unfolded in this 10-year case, the undersigned concludes that 990 hours of attorney time devoted to the litigation over that period of time is reasonable.  *Boone v. Amazon.com Servs., LLC*, No. 1:21-cv-00241-KES-BAM, 2024 WL 4712426, at *20 (E.D. Cal. Nov. 7, 2024) (finding 1,510.7 hours reasonable in a three-year wage and hour class action that was heavily litigated before a settlement was reached).  Nonetheless, a modest reduction is warranted here.

Counsel billed 6.50 hours for researching and drafting the present iteration of the motion for attorneys' fees and costs.  (Doc. No. 168-1 at 92.)  However, when held up against the last version of the motion that the court denied, not much has changed.  *Compare* (Doc. Nos. 168, 168-1), *with* (Doc. Nos. 164-1, 164-2.)  The most significant changes that were made to the motion include the addition of an introduction section and an overview of the procedural history of the case spanning just over three pages, along with citation to additional cases decided by judges of the Eastern District of California to support the argument that counsels' hourly rates proposed here are reasonable.  (Doc. No. 168 at 3–8.)  The billing records that are submitted in support of the present motion also includes six additional billing entries for the work that was completed since the magistrate judge issued the findings and recommendations addressing plaintiffs' motion for default judgment and motion for attorneys' fees and costs.  (Doc. No. 168-1 at 92.)

With these comparisons in mind, the court concludes that the expending of an additional 6.5 hours of attorney time on the motion presently before the court is not justified.  This conclusion is supported by the fact that plaintiffs' prior motion for attorneys' fees was denied because plaintiffs applied the law incorrectly in that motion.  *Henry v. Cent. Freight Lines, Inc.*,

11

No. 2:16-cv-00280-DAD-JDP, 2025 WL 814994, at *5 (recommending denial of plaintiff's motion for attorneys' fees because "plaintiffs have failed to satisfy their burden of demonstrating that the requested fees are reasonable" by relying solely on out-of-district rates and making no showing that such rates should be applied under the circumstances of this case).  "[C]ounsel may not seek recover[y] of fees for the time spent correcting their mistakes." *Salamanca v. Sprint/United Mgmt. Co.*, No. 15-cv-05084-JSW, 2018 WL 1989568, at *3 (N.D. Cal. Mar. 9, 2018).  Accordingly, the hours dedicated toward re-drafting the pending motion will be excluded from the total number of hours expended in this action.  *Kansupda v. Baptista Delivery Servs., LLC*, No. 4:18-cv-02133-KAW, 2022 WL 2251026, at *12 (N.D. Cal. Mar. 31, 2022) (excluding hours expended on subsequent drafts of a motion for default judgment that were duplicative and re-filed because of counsel's prior mistakes in a wage and hour action), *report and recommendation adopted*, No. 18-cv-02133-HSG, 2022 WL 2240080 (N.D. Cal. June 22, 2022).

Beyond this reduction, the court's review of counsels' billing records reveals that the remaining hours that were expended on this matter are reasonable.  Counsel billed for tasks related to:  (1) drafting the complaint and other substantive pre-trial civil motions; (2) preparing for and attending depositions, mediation, and hearings; and (3) conferring with defense counsel, (Doc. No. 168-1 at 25–93), all of which, are reasonable.  *Cruz*, 57 Cal. App. 5th at 238 (finding the following tasks reasonable in a wage and hour action:  (1) "drafting the complaint," (2) preparing and taking depositions," and "defending Plaintiff's deposition," (3) meeting and conferring with Defense counsel," and (4) "preparing for and appearing at the hearings in this matter").  Importantly, this conclusion is reached largely because counsels' billing entries are sufficiently detailed for the court to properly assess the reasonableness of the hours expended in this matter.  Therefore, no further reduction of attorney hours is necessary or appropriate here. *Cf. 569 E. Cnty. Boulevard LLC v. Backcountry Against the Dump, Inc.*, 6 Cal. App. 5th 426, 441 (2016) (concluding that the trial court's reduction of the total hours expended in an action was justified where many entries were vague), *as modified on denial of reh'g* (Dec. 29, 2016); *Carter v. Jai-Put Enter. Inc.*, No. 18-cv-06313-DMR, 2022 WL 4371503, at *14 (N.D. Cal. Sept. 21, 2022) (applying a 50% reduction across all hours expended in a wage and hour action involving

California law where "all of counsel's submitted billing descriptions [were] fairly generic."). Accordingly, the court concludes that, after imposing the modest reduction outlined above, the number of attorney hours expended in this litigation, as asserted in the pending motion, to be reasonable.

        2.      <u>Reasonable Hourly Rate</u>

As to the hourly rate that plaintiffs' counsel billed in this action, plaintiffs have offered a list of the attorneys at Blumenthal Nordrehaug Bhowmik De Blouw LLP who worked on this matter along with their credentials and practice area experience.  (Doc. No. 168-1 at 9–11.) Below are the following hourly rates that were consistently charged by each attorney and staff who billed in this case:[7]

- Norman Blumenthal is a founding partner at the firm.  He billed an hourly rate of $700 and expended 58.5 hours toward this case.  He was barred in Illinois in 1973 and in California in 1976.  He has been in private practice since 1976 and his experience includes civil litigation, wage and hour class actions, and consumer and securities class actions.

- Kyle Nordrehaug is a partner who billed at an hourly rate of $600 and expended 64.6 hours in this case.  He was barred in California in 1999.  He has been in private practice since 1999, and his experience includes wage and hour class actions, civil litigation, and consumer and securities class actions.

- Aparajit Bhowmik is a partner who billed at an hourly rate of $500 and expended 99.5 hours toward this case.  Attorney Bhowmik was barred in California in 2006.

---

[7]  Plaintiffs did not provide this information in an easily digestible format, so the court ascertained each individual's billing rate by reviewing the billing records.  With respect to the attorneys who were staffed on this case, plaintiffs' evidence reveals the work each attorney completed, along with their bar admission date.  This information is sufficient to determine whether the hourly rates charged are reasonable.  *Blue Growth Holdings Ltd. v. Mainstreet LimitedVentures, LLC*, No. 13-cv-01452-CRB, 2014 WL 3518885, at *2 (N.D. Cal. July 16, 2014) ("Defendants' own declaration provides the rank and home office of each of Plaintiff's attorneys, and the date of each attorneys' admission to the bar is publicly available.  . . .  Further, Plaintiff's billing records provide a detailed account of each timekeeper's work on the case.  . . .  The Court has sufficient evidence, . . . , to determine the reasonableness of the attorneys' hourly rates based on each attorneys' position, experience, and recorded tasks.") (internal citations omitted).

13

He became a partner at the last iteration of this law firm in 2008, and his experience includes civil litigation, wage and hour class actions, and consumer class actions.

- Nicholas De Blouw is a partner who billed at an hourly rate of $400 and billed 22.2 hours in this matter.  Attorney De Blouw was barred in California in 2011.  He has been a partner with the firm since 2018, and his experience includes civil litigation, wage and hour class actions, and consumer class actions.

- Piya Mukherjee is an associate who billed at an hourly rate of $400 and billed 51.2 hours in total for this matter.  Attorney Mukherjee was barred in California in 2010.  Her experience includes civil litigation, wage and hour class actions, and consumer class actions.

- Victoria Rivapalacio is an associate who billed at an hourly rate of $400 and billed 109.4 hours total.  Attorney Rivapalacio was barred in California in 2011.  Her experience includes civil litigation, wage and hour class actions, and consumer class actions.

- Ricardo Ehmann is an associate who billed at an hourly rate of $400 and billed 17.8 hours total.  Attorney Ehmann was barred in Nevada in 2004 and barred in California in 2018.  His experience includes civil litigation and wage and hour class actions.

- Jeffrey Herman is an associate who billed at an hourly rate of $400 and billed 260.7 hours total. Attorney Herman was barred in California in 2011 and in Arizona in 2016.  His experience includes civil litigation and wage and hour class actions.

- Charlotte James is an associate who billed at an hourly rate of $350 and billed 7 hours total.  Attorney James was barred in California in 2016.  Her experience includes civil litigation and wage and hour class actions.

- Christine LeVu is an associate who billed at an hourly rate of $400 and billed 82.5 hours total.  Attorney LeVu was barred in California in 2012.  Her experience

14

includes civil litigation and wage and hour class actions.

- Andrew Ronan is an associate who billed at an hourly rate of $350 and billed 138 hours total. Attorney Ronan was barred in California in 2016. His experience includes civil litigation and wage and hour class actions.

- Sergio Puche is an associate who billed at an hourly rate of $350 and billed 5.6 hours total. Attorney Puche was barred in California in 2013. His experience includes civil litigation and wage and hour class actions.

- Adolfo Sanchez Contreras is an associate who billed at an hourly rate of $200 and billed 1.2 hours total. Attorney Sanchez Contreras was barred in California in 2024. His experience includes civil litigation and wage and hour class actions.

- Yesenia Silva is a paralegal. Ms. Silva billed at an hourly rate of $200 and billed only 1.9 hours total.

- Gerardo Galaviz is a paralegal. Mr. Galaviz billed 1.2 hours total at an hourly rate of $200.

- Karla Horne is a paralegal. Ms. Horne billed 4.20 hours at an hourly rate of $200.

- Fredrick Goldman is a paralegal. Mr. Goldman billed 64.7 hours at an hourly rate of $200.

In determining the reasonable hourly rate in wage and hour actions under California law, the "trial court should consider the rates charged by attorneys of comparable skill and experience for purposes of determining a proper hourly rate" and "may also consider the hourly rate charged by other attorneys in the community for similar work." *Cruz*, 57 Cal. App. 5th at 238. "The determination of the 'market rate' is generally based on the rates prevalent in the community where the court is located." *Syers Props. III, Inc. v. Rankin*, 226 Cal. App. 4th 691, 700 (2014) (citation omitted); *see also Heritage Pac. Fin., LLC v. Monroy*, 215 Cal. App. 4th 972, 1009 (2013) ("The rates of comparable attorneys in the forum district are usually used."). "In making its calculation, the court should also consider the experience, skill, and reputation of the attorney requesting fees. The court may rely on its own knowledge and familiarity with the legal market in setting a reasonable hourly rate[,]" *Nishiki v. Danko Meredith, APC*, 25 Cal. App. 5th 883, 898

15

(2018), "and affidavits from other attorneys regarding prevailing fees in the community and rate determinations in other cases." *569 E. Cnty. Boulevard LLC*, 6 Cal. App. 5th at 437 (citation omitted).

In a prior employment class action case, the undersigned explained that:

> The court recognizes that judges in the Eastern District of California frequently distinguish between the Fresno and Sacramento communities in determining hourly rates. The general rule for awarding attorneys' fee rates, however, is that "the rates of attorneys practicing in the *forum district*" are used. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992) (emphasis added); *Freshko Produce Servs., Inc. v. Write on Mktg., Inc.*, No. 1:18-cv-01703-DAD-BAM, 2019 WL 5390563, at *2 n.1 (E.D. Cal. Oct. 22, 2019). The ultimate task of the court is to discern the "prevailing market rates in the relevant community." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (quoting *Dang v. Cross*, 422 F.3d 800, 813 (9th Cir. 2005)). In the undersigned's view, district wide rates should guide the court's award of attorney's fees in cases originating in Fresno, particularly in specialized fields of litigation. *See, e.g.*, *Gonzalez*, 729 F.3d at 1206 (noting the appropriate rate was "the market rate prevailing in the Central District of California"); *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 455 (9th Cir. 2010) (relying upon the Northern District of California as the relevant legal community); *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (same); *Davis v. Mason Cty.*, 927 F.2d 1473, 1488 (9th Cir. 1991) (using the Western District of Washington as the relevant local community), *overruled on other grounds as recognized in Davis v. City & County of San Francisco*, 976 F.2d 1536, 1556 (9th Cir. 1992).

*Garybo v. Bros*, No. 1:15-cv-01487-DAD-JLT, 2021 WL 4493502, at *5 (E.D. Cal. Oct. 1, 2021). The undersigned has adopted this approach in actions involving pure state law claims. *See AGK Sierra De Montserrat, L.P. v. Comerica Bank*, No. 2:15-cv-01280-DAD-SCR, 2025 WL 857346, at *15 (E.D. Cal. Mar. 19, 2025). The court will continue to follow that approach here.

Plaintiffs have indicated that their counsel charged the following hourly rates: (1) $400 to $700 for partners; (2) $350 to $400 for associate attorneys; and (3) $200 for paralegals. (Doc. No. 168-1 at 5.) To justify these hourly rates, plaintiffs rely upon several cases where comparable hourly rates were approved by judges of the Eastern District of California (Doc. No. 168 at 8–9.) *See Mostajo v. Nationwide Mut. Ins. Co.*, No. 2:17-cv-00350-DAD-AC, 2023 WL 2918657, at *11 (E.D. Cal. Apr. 12, 2023); *Mondrian v. Trius Trucking, Inc.*, No. 1:19-cv-00884-ADA-SKO, 2022 WL 6226843, at *13 (E.D. Cal. Oct. 7, 2022); *Mathein v. Pier 1 Imps. (U.S.), Inc.*, No.

1:16-cv-00087-DAD-SAB, 2018 WL 1993727, at *11–12 (E.D. Cal. Apr. 27, 2018); *Emmons v. Quest Diagnostics Clinical Lab'ys, Inc.*, No. 1:13-cv-00474-DAD-BAM, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017); *Barbosa v. Cargill Meat Sols. Corp.*, 297 F.R.D. 431, 452 (E.D. Cal. 2013); *Franco v. Ruiz Food Prods., Inc.*, No. 1:10-cv-02354-SKO, 2012 WL 5941801, at *20 (E.D. Cal. Nov. 27, 2012); *Garcia v. Gordon Trucking, Inc.*, No. 1:10-cv-0324 AWI-SKO, 2012 WL 5364575, at *9 (E.D. Cal. Oct. 31, 2012).

Attorney Nordrehaug states that the rates that his firm charges "are in line with the prevailing rates of attorneys in the local legal community for similar work and, if this were a commercial matter, these are the charges that would be made and presented to the client." (Doc. No. 168-1 at 5.) He further states that the firm's "hourly rates have been approved by Court's [sic] throughout California, including the Courts in the Superior Court of California." (*Id.*) Finally, attorney Nordrehaug asserts that "the reasonableness of my firm's hourly rates is further confirmed by comparing such rates with the rates of comparable counsel practicing complex and class litigation as detailed in the National Law Journal Billing Survey." (*Id.* at 6.)

A review of the hourly rates approved in this district support a finding that the hourly rates sought by plaintiffs' counsel here are reasonable. *See Am. Multi-Cinema, Inc. v. Manteca Lifestyle Ctr., LLC*, No. 2:16-cv-01066-TLN-KJN, 2024 WL 1312209, at *3 (E.D. Cal. Mar. 26, 2024) (collecting wage and hour cases and approving of the following hourly rates: (1) $700 for partners who were significantly involved in the case; (2) $650 for partners who had minimal involvement; (3) $500 for associates with 7-9 years of experience; and (4) $375 for second-year associates); *Lizarraga v. Growers' Choice, Inc.*, No. 2:19-cv-00526-TLN-DB, 2023 WL 2999965, at *2 (E.D. Cal. Apr. 18, 2023) (collecting cases and approving unopposed rates ranging from $320–650 for attorneys based on experience and $100–125 for legal assistants).

The court notes, however, that plaintiffs failed to provide sufficient information to justify the hourly rates of the paralegals who billed in this matter. Since plaintiffs offer no evidence as to the experience of these individuals, the court will reduce their hourly rates "to $125, which the Court finds reasonable for non-attorney staff in the Eastern District." *Meeks v. FCA US LLC*, No. 1:22-cv-0761 JLT CDB, 2024 WL 4437098, at *8 (E.D. Cal. Oct. 7, 2024); *Doe v. California*,

17

No. 1:24-cv-00337-JLT-CDB, 2024 WL 5182467, at *6 (E.D. Cal. Dec. 20, 2024) (applying an hourly rate of $125 for paralegal work where plaintiff's supporting documentation failed to justify a higher hourly rate); *Rosenof v. Kijakazi*, No. 2:20-cv-01491 CKD, 2022 WL 2442235, at *3 (E.D. Cal. July 5, 2022) ("[M]ore recent cases in this district have awarded $125 per hour for paralegal work."). Thus, the court concludes that the hourly rates billed in this matter are reasonable.

### D. Lodestar Calculation

After imposing the reductions deemed necessary above, the court concludes that counsel are entitled to recover a total of $406,330.00 in attorneys' fees as outlined below:

| Attorney / Staff | Hourly Rate | Hours Expended | Total |
|---|---|---|---|
| Norman B. Blumenthal | $700 | 58.50 | $40,950.00 |
| Kyle R. Nordrehaug | $600 | 64.60 | $38,760.00 |
| Aparajit Bhowmik | $500 | 99.50 | $49,750.00 |
| Nicholas J. De Blouw | $400 | 22.20 | $8,880.00 |
| Piya Mukherjee | $400 | 51.20 | $20,480.00 |
| Victoria Rivapalacio | $400 | 107.40 | $42,960.00 |
| Ricardo Ehmann | $400 | 17.80 | $7,120.00 |
| Jeffrey S. Herman | $400 | 260.70 | $104,280.00 |
| Charlotte James | $350 | 70 | $2,450.00 |
| Christine LeVu | $400 | 78 | $31,200.00 |
| Andrew Ronan | $350 | 138 | $48,300.00 |
| Sergio Julian Puche, | $350 | 5.60 | $1,960.00 |
| Adolfo Sanchez Contreras | $200 | 1.20 | $240.00 |
| Yesenia Silva | $125 | 1.90 | $237.50 |
| Gerardo Galaviz | $125 | 1.20 | $150.00 |
| Karla Horne | $125 | 4.20 | $525.00 |
| Fredrick J. Goldman | $125 | 64.70 | $8,087.50 |
| **Total** | | 983.70 | $406,330.00 |

/////

/////

/////

/////

18

The court now turns to plaintiff's request for reimbursement of costs.[8]

**E.    Costs**

Although far from a model of clarity, it appears that plaintiffs also seek to recover $94,090.03 in taxable and non-taxable costs pursuant to Rule 54 of the Federal Rules of Civil Procedure and the Labor Code, respectively. (Doc. No. 168 at 3, 9–11.) They contend that these costs are recoverable because they "represent seven (7) years of litigation in this highly contentious action" and are the reasonable out-of-pocket expenses that were "necessary expenditures in pursuit of this litigation." (Doc. Nos. 168 at 6; 168-1 at 10.) Attorney Nordrehaug further states that the total amount of costs sought are merely the "litigation costs and expenses actually incurred." (Doc. No 168-1 at 6.) In support of their request for costs, plaintiffs have submitted an itemized breakdown of the expenses that counsel advanced in this action from March 20, 2015 to October 2, 2023 according to date incurred, expense type, and total expended for each individual entry. (Doc. No. 168-1 at 81–86, 93.)

"As a general proposition, the award of costs is governed by federal law under Rule 54(d)." *In re Merrill Lynch Relocation Mgmt., Inc.*, 812 F.2d 1116, 1120 n.2 (9th Cir. 1987); *see also Celestine v. FCA US LLC*, No. 2:17-cv-00597-JLT, 2019 WL 4274092, at *14 (E.D. Cal. Sept. 10, 2019) ("Significantly, the Ninth Circuit determined that an award of costs in district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases.") (citation omitted); *Van v. Language Line, LLC*, No. 14-cv-03791-LHK, 2016 WL 5339805, at *16 (N.D. Cal. Sept. 23, 2016) (applying Rule 54 to the costs sought on a motion for attorneys' fees and costs brought in a California wage and hour action where plaintiff moved for costs under Rule 54), *aff'd sub nom. Van v. Language Line Servs., Inc.*, 733 F. App'x 349 (9th

---

[8] Ordinarily, the court determines whether a multiplier is appropriate after calculating the lodestar amount, but as noted plaintiffs have not requested one here. Nor is it necessary for the court to engage in this analysis because the motion is unopposed. *Rivera v. Rivera*, No. 5:10-cv-01345-LHK, 2011 WL 3667486, at *4 (N.D. Cal. Aug. 22, 2011) ("Because Defendant has not opposed this motion, the Court need not consider any factors to reduce the lodestar."). Nonetheless, because this case presents a straight-forward wage and hour action, a multiplier would be unnecessary since "the lodestar value represents the fair market value of this particular action." *Cabardo*, 2022 WL 956951, at *5.

Cir. 2018). Rule 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The Supreme Court has clearly expressed that "[28 U.S.C.] § 1920 defines the term 'costs' as used in Rule 54(d)[]" and "enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 441–42 (1987). The costs that are available under § 1920 "are limited to relatively minor, incidental expenses, including clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts." *Van Lith v. iHeartMedia + Ent., Inc.*, No. 1:16-cv-00066-SKO, 2017 WL 4340337, at *19 (E.D. Cal. Sept. 29, 2017) (internal quotation marks and citation omitted).

However, the Ninth Circuit has also expressly allowed "prevailing plaintiffs to recover non-taxable costs where statutes authorize attorney's fees awards to prevailing parties." *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 580 (9th Cir. 2010). This includes out-of-pocket expenses. *Id.* In this regard, "an award of expenses should be limited to typical out-of-pocket expenses that are charged to a fee paying client and should be reasonable and necessary." *In re Immune Response Sec. Litig.*, 497 F. Supp. 2d 1166, 1177 (S.D. Cal. 2007); *see also Rodriguez v. M.J. Bros., Inc.*, No. 1:18-cv-00252-LJO-SAB, 2019 WL 3943856, at *16 (E.D. Cal. Aug. 21, 2019); *Withrow v. Stryker Sales Corp.*, No. 16-cv-00544 DSF-PLA, 2018 WL 5858609, at *5 (C.D. Cal. Mar. 27, 2018) ("Attorneys are entitled to recover their reasonable expenses that would typically be billed to paying clients. This includes expenses such as travel, meals, mediation, and photocopying . . . ."); *Garybo*, 2021 WL 4493502, at *6 (approving messenger costs). Travel costs include "meals and transportation incidental to travel." *In re Taco Bell Wage & Hour Actions*, 222 F. Supp. 3d 813, 849 (E.D. Cal. 2016). Moreover, because "expert fees are typically charged to paying clients by private attorneys," they are recoverable in actions brought under the Labor Code. *Drenckhahn v. Costco Wholesale Corp.*, No. 2:08-cv-01408-JHN-SS, 2012 WL 12952720, at *9 (C.D. Cal. May 4, 2012).

/////

"As the party awarded default judgment and damages, Plaintiff[s] [are] the prevailing party and thus may recover costs[.]" *Ameris Bank v. Key Carrier Grp., Co.*, No. 8:23-cv-02430-FWS-KES, 2024 WL 3740093, at *9 (C.D. Cal. June 28, 2024). Moreover, "the claims upon which plaintiffs and the class prevailed also allow for the recovery of costs beyond the more limited categories allowed by those federal statutes." *Garybo*, 2021 WL 4493502, at *6 (noting that prevailing plaintiffs are entitled to recover costs under Labor Code § 2699); *Andrade v. Arby's Rest. Grp., Inc.*, 225 F. Supp. 3d 1115, 1145 (N.D. Cal. 2016) (awarding costs pursuant to Labor Code § 1194); *Perez v. Safety-Kleen Sys., Inc.*, No. 05-cv-05338-P-JH, 2010 WL 934100, at *10 (N.D. Cal. Mar. 15, 2010) ("Cal. Labor Code § 226(e) allows the court to award 'costs,' in addition to attorney's fees."), *aff'd*, 448 F. App'x 707 (9th Cir. 2011).

Here, plaintiffs seek reimbursement for costs related to legal research, court filing fees, travel for in-person court hearings, depositions, and mediation, PACER fees, meals, consultations with and fees for expert witnesses, deposition transcript fees, interpreter fees, Federal Express charges, and messenger services. (Doc. No. 168-1 at 81–86, 93.) These costs are generally reasonable and recoverable. However, the court will not award the $42,105.00 in costs for the Westlaw research fees counsel incurred because "Westlaw and Lexis Nexis fees[] are generally considered by the court to be overhead and therefore not properly considered costs that may be awarded." *Chevron U.S.A., Inc. v. Pelican Butte Oil, LLC*, No. 10-cv-03063-CL, 2011 WL 1398932, at *4 (D. Or. Jan. 31, 2011), *report and recommendation adopted*, No. 10-cv-03063-CL, 2011 WL 1395313 (D. Or. Apr. 12, 2011); *see also Barzilli v. Intuitive Surgical, Inc.*, No. 21-cv-00677-PSG-SK, 2022 WL 17369627, at *7 (C.D. Cal. Aug. 1, 2022) ("Although costs related to legal research may be recovered when counsel shows that it is standard practice to pass such costs along to clients, rather than being considered overhead factored into attorney billing rates, Defendants have not made such a showing here."); *Tenorio v. Gallardo*, No. 1:16-cv-00283-DAD-JLT, 2019 WL 3842892, at *6 (E.D. Cal. Aug. 15, 2019) (declining to award costs for legal research fees in an employment action where counsel conceded that these costs are not typically charged to a client); Accordingly, the court will award plaintiffs costs in the amount of $51,985.03.

**CONCLUSION**

For the reasons explained above,

1.     Plaintiffs' motion for attorneys' fees and costs is GRANTED as follows:

     a.     The court awards $406,330.00 to plaintiffs in attorneys' fees;

     b.     The court awards $51,985.03 to plaintiffs in costs; and

2.     Defendant is directed to pay plaintiffs through their counsel the amount awarded above.

IT IS SO ORDERED.

Dated:   **February 9, 2026**               _____

                                          DALE A. DROZD
                                          UNITED STATES DISTRICT JUDGE